■ DUKE MEDIA SALES, INC., Respondent, v JAKEL CORP., as Successor in Interest to ATRIUM MULTI-MEDIA CORP., Appellant, et al., Defendants. [626 NYS2d 195] —Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered May 26, 1994, which, insofar as appealed from, granted partial summary judgment in favor of plaintiff on its first two causes of action for breach of contract and denied defendant's motion for summary judgment dismissal of said claims, unanimously affirmed, with costs.

Contrary to defendant Jakel's assertion (which appears to be unpreserved for our review), the fact that plaintiff concededly owes Jakel monies for the October and November, 1989

advertising fee installments does not exonerate Jakel from its failure to abide by the contract requirement that it assume its predecessor's (Atrium Multi-Media Corp.) agreement with plaintiff, which gave plaintiff the exclusive right to advertising space for "telephone fantasy advertising" in Genesis Magazine. Indeed, the record establishes that Jakel's breach of the agreement occurred before plaintiff failed to meet its payment obligations pursuant to the contract. Accordingly, as a result of Jakel's effective repudiation of the contract, plaintiff was relieved of its performance of the contract *(see, American List Corp. v U.S. News & World Report,* 75 NY2d 38, 44; *Sunshine Steak, Salad & Seafood v W. I. M. Realty,* 135 AD2d 891).

We also note that defendant's claims concerning severing the tortious interference claim against defendant Hayes is not properly before this Court given defendant's limited notice of appeal. In any event, defendant-appellant's contention is without merit as such severance will not result in inconsistent verdicts since a disposition of the claim against Hayes will have no impact on the finding that Jakel breached its contract with plaintiff. While damage verdicts may overlap, plaintiff will only be afforded one complete recovery. Concur—Rosenberger, J. P., Wallach, Rubin, Kupferman and Asch, JJ.