■ Morton L. Ginsberg, Appellant, v Rubin Schron et al., Respondents, et al., Defendants. [732 NYS2d 858] —Order, Supreme Court, New York County (Karla Moskowitz, J.), entered May 22, 2001, which granted the motion of defendants Schron, Cam Metro L. L. C., Cam Metro II L. L. C. and Cammeby's International Corp. to dismiss the complaint as against them pursuant to CPLR 3211 (a) (1) and (5), unanimously affirmed, with costs.

Plaintiff's claims are barred by his September 10, 1999 release, releasing claims "whether known or unknown," since he failed to set forth grounds to set the release aside (*see, Calavano v New York City Health & Hosps. Corp.*, 246 AD2d 317, 319). In any event, the complaint fails to state a cause of action. As the motion court aptly perceived, the subject pool agreements did not create a joint venture because they did not provide for the sharing of losses (*see, Ackerman v Landes*, 112 AD2d 1081, 1082); therefore, no fiduciary obligation of loyalty arose for breach of which respondents could be held liable. Moreover, plaintiff's prior breach of the pool agreements by settling without defendants' consent discharged them from their obligations (*see, Pitcher v Benderson-Wainberg Assocs. II, Ltd. Partnership*, 277 AD2d 586, 587, *lv dismissed* 96 NY2d 792; *Duke Media Sales v Jakel Corp.*, 215 AD2d 237, 238). Under the circumstances, plaintiff's claimed need for discovery is unavailing.

We have considered plaintiff's other contentions and find them unavailing. Concur—Andrias, J. P., Wallach, Lerner, Rubin and Buckley, JJ.