■ Joshua Torres, Appellant, v City of New York, Respondent. [838 NYS2d 67]—

Order, Supreme Court, Bronx County (Howard R. Silver, J.), entered December 13, 2005, finding a jury verdict against the weight of the evidence, and ordering a new trial on liability and damages unless plaintiff stipulated to reduce the award from $600,000 to $150,000, unanimously reversed to the extent appealed from, on the law and the facts, without costs, and the provision for a stipulated reduction stricken.

This is a personal injury action arising from an inmate-on-inmate assault. The appeal was noticed "from that portion of said order which required plaintiff to stipulate to a reduction of damages from $600,000 to $150,000, or submit to a new trial on damages." Plaintiff's challenge to that portion of the order setting aside the liability verdict as against the weight of the evidence is thus not properly before us because "the only issues which we may consider are limited by the notice of appeal" (*Lehoczky v New York State Elec. & Gas Corp.*, 149 AD2d 862, 863 [1989]; *see also Time Warner City Cable v Adelphi Univ.*, 27 AD3d 551, 553 [2006]; *Duke Media Sales v Jakel Corp.*, 215 AD2d 237, 238 [1995]). An appeal from only part of an order constitutes a waiver of the right to appeal from other parts of that order (*532 Realty Assoc. v Spearhead Sys.*, 1 AD3d 476 [2003]). Accordingly, we do not consider plaintiff's challenge to the vacatur of the liability verdict.

Given that the trial court found the liability verdict to be against the weight of the evidence, under the circumstances of this case, it is altogether appropriate to leave intact the unappealed portion of the order directing a new trial on all issues of liability and damages (*see e.g. Ford v Southside Hosp.*, 12 AD3d 561 [2004]). Accordingly, we strike the proviso for stipulating to a reduced award and a new trial should be held on all issues. Concur—Andrias, J.P., Gonzalez, Sweeny, McGuire and Malone, JJ.