Order, Supreme Court, New York County (Richard F. Braun, J.), entered September 13, 2012, which, insofar as appealed from, denied the motion of defendants-appellants Stuart Goldman and Michael Goldman for summary judgment dismissing the ninth and tenth causes of action, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of the Goldmans, in their individual capacities, dismissing the complaint.
Plaintiff is a creditor of defendants Athco, Inc. (Athco) and Athco Imports, Inc. (Imports). At all relevant times, defendant Stuart Goldman (Stuart) was the 100% shareholder, president, and CEO of Athco. From the time Imports was incorporated until March 26, 2009, defendant Michael Goldman (Michael)— Stuart’s son—was the 100% shareholder of Imports. Stuart was the CEO of Imports.
Plaintiff contends that the following constituted fraudulent conveyances: Athco’s transfer of certain orders that it was unable to fill to Imports, for no consideration; and Michael’s transfer of his Imports shares to defendant Liberty Apparel, *452 Inc., for no consideration. The ninth cause of action seeks to pierce Athco’s corporate veil to impose personal liability on Stuart, and the tenth cause of action seeks to pierce Imports’ corporate veil to impose personal liability on Michael.
“In order for a plaintiff to state a viable claim against a shareholder of a corporation in his or her individual capacity for actions purportedly taken on behalf of the corporation, plaintiff must allege facts that, if proved, indicate that the shareholder exercised complete domination and control over the corporation and abused the privilege of doing business in the corporate form to perpetrate a wrong or injustice” (East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc., 16 NY3d 775, 776 [2011] [emphasis added and internal quotation marks omitted]). “Factors to be considered in determining whether the owner has abused the privilege of doing business in the corporate form include whether there was a failure to adhere to corporate formalities, inadequate capitalization, commingling of assets, and use of corporate funds for personal use” (East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc., 66 AD3d 122, 127 [2d Dept 2009], affd 16 NY3d 775 [2011] [internal quotation marks omitted]). In opposition to the Goldmans’ motion for summary judgment, plaintiff failed to proffer any evidence of the above factors. Contrary to plaintiff’s claim, the factors mentioned in East Hampton remain relevant even in a fraudulent conveyance case (see Symbax, Inc. v Bingaman, 219 AD2d 552, 554 [1st Dept 1995]).
It is true that, as a general rule, “a corporate officer who participates in the commission of a tort may be held individually liable, . . . regardless of whether the corporate veil is pierced” (Fletcher v Dakota, Inc., 99 AD3d 43, 49 [1st Dept 2012] [internal quotation marks omitted]). However, that is not the theory of the ninth and tenth causes of action; they specifically allege that the corporate entities of Athco and Imports should be disregarded. Moreover, as far as appears in the record, plaintiff did not request leave to replead in opposition to the Goldmans’ motion. In any event, in the specific context of fraudulent conveyances (as opposed to torts generally), the Goldmans—who were not transferees of either conveyance— cannot be held liable without piercing the corporate veil unless they benefited from the conveyances (see Federal Deposit Ins. Corp. v Porco, 75 NY2d 840, 842 [1990]).
There is no evidence in the record that Michael benefited from either conveyance. It is true that Stuart became the CEO of Imports. “However, receipt of a salary from the transferee corporation as an officer of the corporation is not sufficient to *453 render the officer a transferee or beneficiary of the transfer” (Roselink Invs., L.L.C. v Shenkman, 386 F Supp 2d 209, 227 [SD NY 2004]). As for the second transfer, there is no evidence in the record that Stuart benefited from the sale of Michael’s Imports shares for no consideration.
The tenth cause of action should have been dismissed for the additional reason that Michael’s sale of his Imports shares did not constitute a fraudulent conveyance vis-a-vis plaintiff. Debtor and Creditor Law § 273 states, “Every conveyance made ... by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent if the conveyance is made . . . without a fair consideration.” The tenth cause of action alleges that Michael transferred his Imports shares without fair compensation, but it does not allege that this transfer rendered Michael insolvent. Second, plaintiff is not a creditor of Michael, as opposed to Imports (see Martes v USLIFE Corp., 927 F Supp 146, 148 [SD NY 1996]). Third, the sale of Michael’s Imports shares to Liberty did not affect Imports’ assets, i.e., its ability to pay plaintiffs commissions (see id.).
Even if, arguendo, the sale of Michael’s Imports shares for no consideration constituted a fraudulent conveyance and if Michael benefited therefrom, plaintiff’s remedy is not to obtain $140,000 in damages from Michael; rather, it is to set aside the conveyance or attach the shares (see Debtor and Creditor Law § 278 [1]).
The Goldmans’ notice of appeal was limited to their motion and the ninth and tenth causes of action; it did not mention plaintiffs cross motion or the eighth cause of action. Therefore, we cannot consider their argument—which relates to plaintiffs cross motion on the eighth cause of action—that the court erred by finding, as a matter of law, that the transfer from Athco to Imports was made for inadequate consideration and with actual intent to hinder, delay, or defraud creditors (see Torres v City of New York, 41 AD3d 312, 313 [1st Dept 2007]).
Concur—Tom, J.E, Andrias, Saxe, Abdus-Salaam and Gische, JJ.