Max Markus Katz, P.C. v Sterling Natl. Bank (2022 NY Slip Op 04097)

Max Markus Katz, P.C. v Sterling Natl. Bank

2022 NY Slip Op 04097

Decided on June 23, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 23, 2022

Before: Manzanet-Daniels, J.P., Webber, Gesmer, Scarpulla, Shulman, JJ. 

Index No. 156857/18 Appeal No. 16195 Case No. 2021-01000 

[*1]Max Markus Katz, P.C., et al., Plaintiffs-Appellants-Respondents,
v
Sterling National Bank, etc., Defendant-Respondent-Appellant.

Max Markus Katz, Cedarhurst, for appellants-respondents.
Cullen and Dykman, LLP, New York (Samit G. Patel of counsel), for respondent-appellant.

Order, Supreme Court, New York County (Melissa Anne Crane, J.), entered February 22, 2021, which, insofar as appealed from as limited by the briefs, granted defendant's motion for summary judgment on its first through fourth counterclaims as against plaintiff Max Markus Katz, P.C. (the Katz Firm), denied plaintiffs' motion for a declaration that defendant had wrongfully placed a restraint on the Katz Firm's IOLA and for an order directing defendant to remove all restrictions placed on that account, and dismissed the counterclaims against plaintiff Max Markus Katz (Katz), but did not unequivocally confirm that all of plaintiffs' claims had been dismissed, unanimously modified, on the law, to dismiss the complaint, and otherwise affirmed, without costs.
We decline to consider plaintiffs' argument that defendant's pleading should be stricken for failure to provide discovery. The "issues which we may consider are limited by the notice of appeal" (Torres v City of New York, 41 AD3d 312, 313 [1st Dept 2007] [internal quotation marks omitted]). Because plaintiffs' notice of appeal does not mention sanctions, they have waived their right to appeal that issue (id.), unless it is "inextricably intertwined" with the portion of the court's order appealed from (Foley v Roche, 68 AD2d 558, 564 [1st Dept 1979]). The issue of whether defendant's pleading should be stricken is not inextricably intertwined with the issues plaintiffs raise in their notice of appeal.
The court properly granted defendant's motion for summary judgment on its first through fourth counterclaims, but it should also have dismissed the complaint (see Greenberg, Trager & Herbst, LLP v HSBC Bank USA, 17 NY3d 565 [2011]). In addition, Katz's claim for breach of fiduciary duty (fourth cause of action) is unavailing. Katz is not defendant's depositor; rather, the Katz Firm is the depositor. Furthermore, the relationship between a bank and its depositor is not a fiduciary relationship, but rather one of debtor and creditor (see id. at 574, 578).
Defendant had the right to charge back the Katz Firm's account (see id. at 576; Uniform Commercial Code § 4-212). Since charge-back was proper, the IOLA became overdrawn. Based on the contract between the Katz Firm and defendant (namely, the rules and regulations of Astoria Bank, defendant's predecessor), defendant had the right to refuse to permit withdrawals from an overdrawn account.
The court correctly dismissed the counterclaims against Katz. In order to pierce the corporate veil, defendant had the "'heavy burden'" of showing that the Katz Firm was "'dominated as to the transaction attacked and that such domination was the instrument of fraud or otherwise resulted in wrongful or inequitable consequences'" (Sheridan Broadcasting Corp. v Small, 19 AD3d 331, 332 [1st Dept 2005], quoting TNS Holdings v MKI Sec. Corp., 92 NY2d 335, 339 [1998]).
As an initial matter, defendant incorrectly claims that the "heavy burden" standard does not apply on [*2]a CPLR 3211 motion (see Sheridan, 19 AD3d at 332). As for defendant's showing, while Katz may have dominated the Katz Firm, "'[e]vidence of domination alone does not suffice without an additional showing that it led to inequity, fraud or malfeasance'" (id., quoting TNS, 92 NY2d at 339; see also e.g. UMG Recs., Inc. v FUBU Records, LLC, 34 AD3d 293, 294 [1st Dept 2006]). Further, the fraud or corporate misconduct must be alleged with particularity (see Sheridan, 19 AD3d at 332), because there is no inference of abuse "'where a corporation was formed for legal purposes or is engaged in legitimate business'" (id., quoting TNS, 92 NY2d at 339-340).
The Katz Firm — a law firm — was formed for a legal purpose and is engaged in a legitimate business. The counterclaims contain no particularized statements detailing fraud or other corporate misconduct; the alter ego allegations focus solely on domination and control.
Defendant's alternate argument that it needs discovery for its alter ego theory is unavailing (see East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc., 66 AD3d 122, 128-129 [2d Dept 2009], affd 16 NY3d 775 [2011]).
Defendant's further contention that it is entitled to the full amount of attorneys' fees that it originally sought is similarly unavailing. Defense counsel himself suggested at oral argument that he and Katz discuss an agreed-upon settlement of the attorneys' fees. Similarly, defense counsel agreed to the court's suggestion that defendant renew its motion for attorneys' fees, minus any fees associated with its alter ego theory. In addition, defendant's contracts entitle it to only "reasonable" attorneys' fees, and a court always has the power to determine reasonableness (see David Z. Inc. v Timur on Fifth Ave., 7 AD3d 257, 258 [1st Dept 2004]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 23, 2022