Union Temple of Brooklyn v Seventeen Dev., LLC (2018 NY Slip Op 04024)





Union Temple of Brooklyn v Seventeen Dev., LLC


2018 NY Slip Op 04024


Decided on June 6, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 6, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2016-12513
 (Index No. 502543/14)

[*1]Union Temple of Brooklyn, plaintiff, 
v
Seventeen Development, LLC, respondent, Rev 5, LLC, appellant, et al., defendants.


Fidelity National Law Group, New York, NY (Muhammad Ikhlas of counsel), for appellant.
DelBello Donnellan Weingarten Wise & Wiederkehr, LLP, White Plains, NY (Eric J. Mandell of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, for specific performance of an agreement to convey certain real property, the defendant Rev 5, LLC, appeals from an order of the Supreme Court, Kings County (Martin M. Solomon, J.), dated November 3, 2016. The order, insofar as appealed from, denied that branch of the motion of the defendant Rev 5, LLC, which was pursuant to CPLR 3211(a) to dismiss the cross claim asserted against it by the defendant Seventeen Development, LLC.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action, inter alia, seeking specific performance of an agreement to convey certain real property. The defendant Rev 5, LLC (hereinafter Rev 5), is the holder of certain mortgages encumbering the subject real property. During the pendency of the action, the defendant Seventeen Development, LLC (hereinafter Seventeen), which was the mortgagor of the subject mortgages, asserted a cross claim against Rev 5, inter alia, for a judgment declaring that the mortgages were unenforceable as against the property. Rev 5 moved pursuant to CPLR 3211(a), inter alia, to dismiss the cross claim for failure to state a cause of action. The Supreme Court denied the motion. Rev 5 appeals from so much of the order as denied that branch of its motion which was to dismiss the cross claim.
On a motion to dismiss pursuant to CPLR 3211(a)(7), the court must accept the facts alleged in the complaint as true and afford the proponent the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Leon v Martinez, 84 NY2d 83, 87; East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc., 66 AD3d 122, 125, affd 16 NY3d 775). Viewed in the light most favorable to Seventeen, its cross claim against Rev 5 alleged a cognizable cause of action.
Rev 5's remaining contention is without merit.
Accordingly, the Supreme Court properly denied that branch of Rev 5's motion which was to dismiss the cross claim asserted against it by Seventeen.
RIVERA, J.P., MILLER, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court