Walsam 316, LLC v 316 Bowery Realty Corp. (2021 NY Slip Op 00399)





Walsam 316, LLC v 316 Bowery Realty Corp.


2021 NY Slip Op 00399


Decided on January 26, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 26, 2021

Before: Gische, J.P., Kern, Moulton, Shulman, JJ. 


Index No. 153318/17 Appeal No. 12960 Case No. 2020-02003 

[*1]Walsam 316, LLC, et al., Plaintiffs-Respondents,
v
316 Bowery Realty Corp., et al., Defendants, GRJ LLC, et al., Defendants-Appellants.


Herrick, Feinstein LLP, New York (Kyle J. Kolb of counsel), for appellants.
Thompson & Knight LLP, New York (John M. Doherty of counsel), for respondents.



Order, Supreme Court, New York County (Margaret A. Chan, J.), entered September 11, 2019, which denied as premature defendants GRJ LLC and Gregory P. Jones's (the Jones defendants) motion for summary judgment dismissing the complaint as against them, unanimously reversed, on the law, with costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
Plaintiffs seek to hold the Jones defendants individually liable by piercing the corporate veil of defendant 4-6 Bleecker Street LLC. However, as the Jones defendants showed in their motion, the complaint fails to allege facts that would establish the elements of such a claim, i.e., that the Jones defendants dominated 4-6 Bleecker and used that domination to commit a fraud or wrong against plaintiffs (see Skanska USA Bldg. Inc. v Atlantic Yards B2 Owner, LLC, 146 AD3d 1, 12 [1st Dept 2016], affd 31 NY3d 1002 [2018]). It does not allege that the Jones defendants took improper actions in their individual capacities or that they abused the privilege of doing business in the corporate or LLC form by failing to adhere to corporate formalities (see East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc., 16 NY3d 775, 776 [2011]).
Nor did plaintiffs' managing agent's affidavit, submitted in opposition to the Jones defendants' motion, remedy the defects in the complaint (see Rovello v Orofino Realty Co., 40 NY2d 633, 635-636 [1976]). The only statements in the affidavit that are relevant to veil-piercing are the conclusory assertions that defendant Jones "controlled" 4-6 Bleecker, that 4-6 Bleecker was a "shell entity," and that the Jones defendants should be held liable for the control and domination of 4-6 Bleecker (see e.g. Springut Law PC v Rates Tech. Inc., 157 AD3d 645 [1st Dept 2018]).
Plaintiffs' argument pursuant to CPLR 3212(f) that the motion should have been denied because the Jones defendants have exclusive control over documents in their possession that will support plaintiffs' veil-piercing theories, is speculative and therefore unavailing (see Auerbach v Bennett, 47 NY2d 619, 636 [1979]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 26, 2021