■ PETER H. SHARP et al., as Executors of PETER SHARP, Deceased, Respondents, v MRS. MEYER J. STAVISKY, Also Known as THERESA Z. STAVISKY, et al., Appellants. [662 NYS2d 39] —Order and judgment (one paper), Supreme Court, New York County (Emily Jane Goodman, J.), entered October 31, 1996, which, in a declaratory judgment action involving the parties' possessory rights to the subject apartment, *inter alia*, granted plaintiffs' motion to vacate the stay of a warrant of eviction and awarded plaintiffs possession of the apartment, unanimously affirmed; appeal from an order, same court and Justice, entered February 13, 1997, which denied defendants' motion to fix the amount of an undertaking pending appeal, unanimously dismissed as moot, with one bill of costs, such relief having been subsequently granted by order of this Court entered April 8, 1997.

Law of the case bars defendants' argument of points decided on the prior appeal herein (221 AD2d 216, *lv dismissed* 87 NY2d 968; *see, Bernstein v 1995 Assocs.*, 211 AD2d 560), namely, that the parties' 1988 stipulation of settlement was not ambiguous in its requirement that defendant Mrs. Stavisky occupy the subject apartment for at least some portion of each year, that defendants were in breach of that requirement, that plaintiffs' motion to vacate the stipulation's stay of defendants' eviction from the apartment should have been granted because of such breach, and that defendants' claims of plaintiffs' laches and failure to comply with 22 NYCRR 202.48 lacked merit. Defendants' remaining argument that plaintiffs waived defendants' breach of the stipulation by accepting "rent" with knowledge of the breach was improperly raised for the first time in defendants' motion to reargue/renew made after the

prior appeal upon remittal of the matter to the IAS Court. Defendants, who prevailed upon the IAS Court to deny plaintiffs' original motion to vacate the stay of eviction, were not entitled to reargue or renew that court's order (*see, Matthews v New York City Hous. Auth.*, 180 AD2d 669, 670), since to do so would be to permit them to challenge this Court's subsequent reversal of that order. In any event, plaintiffs' acceptance of the use and occupancy, expressly called for in the stipulation, clearly negates any inference that they waived defendants' breach of the stipulation (*see, Jefpaul Garage Corp. v Presbyterian Hosp.*, 61 NY2d 442). Concur—Ellerin, J. P., Williams, Mazzarelli, Andrias and Colabella, JJ.