■ CAMALLOY WIRE, INC., Individually and as Assignee of GREYLAG TECHNICAL SERVICES, INC., and Another, Appellant, v NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., Doing Business as NATIONAL UNION INSURANCE COMPANY, Respondent. [709 NYS2d 553] —Order, Supreme Court, New York County (Herman Cahn, J.), entered on or about December 10, 1999, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

On a prior appeal this Court affirmed the order of the IAS Court entered July 15, 1998 granting defendant insurance company's motion for summary judgment dismissing the complaint to the extent damages were sought beyond the amount spent by the Coast Guard for the oil clean-up arising out of an August 1989 oil spill, which amount was determined to be $33,800 (264 AD2d 667). Plaintiff now presents this Court with the identical question presented on the prior appeal and once again argues that the extent of damages recoverable under the insurance policy should not be limited to $33,800. Our present consideration of the matter is circumscribed by the law of the case doctrine (*see*, *Sharp v Stavisky*, 242 AD2d 447, *appeal dismissed* 91 NY2d 956).

It is significant that the insurance policy issued by National

Union to Greylag was a "claims made and reported" policy covering the period between March 13, 1989 and March 13, 1990. Under the terms of the policy, the agreement was "To indemnify the INSURED against LOSS the INSURED has or will become legally obligated to pay as a result of CLAIMS first made against the INSURED and reported to the Company, in writing, during the POLICY PERIOD * * * for POLLUTION CONDITIONS" (emphasis in original). Only the $33,800 cost recovery for the Coast Guard clean-up was so reported.

Since the self-insured retention under the insurance policy is $50,000, which amount is greater than the clean-up costs, plaintiff's complaint was properly dismissed. Concur—Nardelli, J. P., Ellerin, Lerner, Buckley and Friedman, JJ.