■ RONBET 366 LLC, Respondent, v NEIL TOBIAS, Appellant. [766 NYS2d 834] —Order, Supreme Court, New York County (Marilyn Shafer, J.), entered on or about September 9, 2002, which, to the extent appealed from, denied defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7), unanimously affirmed, with costs.

Following a rent payment default by plaintiff landlord's tenant, plaintiff instituted this action to recover the unpaid rent from defendant Tobias, a principal of the tenant. The action against Tobias is premised upon a lease modification agree-

ment, executed twice by Tobias: once on behalf of the tenant and once to signify his personal acceptance of the obligations imposed by paragraph 8 of the agreement, which required the tenant's store window displays to be neat, clean and orderly. It was, however, paragraph 10 of the lease modification that contained the provisions relied upon by plaintiff pursuant to which the tenant's principals signing the agreement purportedly agreed to be jointly and severally liable for all of the tenant's lease obligations. While Tobias maintains that the action must be dismissed since he never agreed to be personally bound by any part of the subject lease modification but paragraph 8, the agreement read as a whole casts significant doubt upon this contention. Indeed, acceptance of Tobias's contention would render paragraph 10 of the agreement wholly meaningless—Tobias having been the only principal of the tenant to sign the agreement—and that would offend the basic principle that a contract should be interpreted to give full meaning and effect to all of its provisions (*see Two Guys from Harrison-N.Y. v S.F.R. Realty Assoc.*, 63 NY2d 396, 403 [1984]). It would seem highly improbable that the subject lease modification, entered into as part of a settlement of a rent payment dispute and by its terms purporting to provide the owner with a personal guaranty of future rent payment, was ultimately meant to afford plaintiff personal accountability only as to the orderliness of the tenant's window displays. At the very least, this apparent disparity constitutes an ambiguity appropriately clarified by the receipt of parol evidence (*see e.g. Sound Distrib. Corp. v Richmond*, 213 AD2d 178 [1995], *lv denied* 86 NY2d 702 [1995]). Concur—Buckley, P.J., Tom, Saxe, Sullivan and Rosenberger, JJ.