■ GREGORY V. SERIO, Superintendent of Insurance of the State of New York, Appellant, v PRICEWATERHOUSECOOPERS LLP, Respondent, et al., Defendants. GREGORY V. SERIO, Superintendent of Insurance of the State of New York, Appellant-Respondent, v PRICEWATERHOUSECOOPERS LLP, Respondent-Appellant, et al., Defendants. [781 NYS2d 7]—

Judgment, Supreme Court, New York County (Helen E. Freedman, J.), entered April 30, 2003, which severed and dismissed plaintiff's second amended complaint, unanimously modified, on the law, to the extent of reinstating the complaint on behalf of the insurers, and otherwise affirmed, without costs. Appeals from orders, same court and Justice, entered October 16, 2002 and March 31, 2003, respectively, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

On a previous appeal, this Court affirmed the dismissal of plaintiff's claims against defendant PricewaterhouseCoopers (PwC) for accounting malpractice, breach of contract, breach of fiduciary duty, and aiding and abetting the individual defendants' breach of fiduciary duty as time-barred (CPLR 214 [6]). These claims, set forth in plaintiff's second through ninth and eighteenth causes of action, which are duplicative of his malpractice claim, were raised and disposed of by this Court on the prior appeal and may not be relitigated (*see Atlantic Mut. Ins. Co. v Greater N.Y. Mut. Ins. Co.*, 271 AD2d 278, 280 [2000] [parties bound by prior holding under law of the case doctrine]; *Sharp v Stavisky*, 242 AD2d 447 [1997], *lv dismissed* 91 NY2d 956 [1998]).

In the absence of demonstrated prejudice, the motion court's grant of plaintiff's preanswer amendment of the complaint to restate the cause of action for fraud was a proper exercise of discretion (CPLR 3025 [b]). As noted by the court, specific intentional acts and reckless misrepresentations are pleaded with sufficient particularity to withstand a motion to dismiss on the pleadings (CPLR 3016 [b]).

However, we do not agree that the motion court's severance and dismissal of the fraud claim was warranted. The fraud action is viable irrespective of whether some of the alleged acts and misrepresentations were mentioned in connection with the untimely causes of action sounding in professional malpractice (*see Houbigant, Inc. v Deloitte & Touche*, 303 AD2d 92, 95 [2003]; *cf. Credit Alliance Corp. v Arthur Andersen & Co.*, 65 NY2d 536, 554 [1985]). The complaint, as amended, asserts that PwC failed to undertake even the most minimal audit to verify the insurers' loss reserves and reinsurance profit-sharing receivables, and failed to perform substantive tests to determine whether case reserves were sufficient, despite notice that many cases carried either no reserves or obviously insufficient reserves of $1 each (*see Simon v Ernst & Young*, 223 AD2d 506 [1996]). Thus, plaintiff alleges that PwC had "notice of particular circumstances raising doubts as to the veracity of such information" (*Foothill Capital Corp. v Grant Thornton, L.L.P.,* 276 AD2d 437, 437 [2000]).

Recovery on behalf of the insurers' policyholders and creditors, who were not in privity with PwC, is unsupported by any of the requisite criteria. Plaintiff has failed to establish: (1) the accountant's awareness that the financial reports were to be used for a particular purpose or purposes, (2) reliance on the reports by a known party or parties, and (3) some linking conduct on the part of the accountant which evinced the accountant's understanding regarding the third party's reliance (*LaSalle Natl. Bank v Ernst & Young, L.L.P.,* 285 AD2d 101, 105 [2001]).

Finally, plaintiff neither sought renewal nor included any new evidence with his moving papers (CPLR 2221 [e]), and denial of his application for reargument is not appealable. Concur—Tom, J.P., Andrias, Lerner, Friedman and Marlow, JJ.