■ RONBET 366 LLC, Respondent, v NEIL TOBIAS, Appellant. [795 NYS2d 591]—

Judgment, Supreme Court, New York County (Helen E. Freedman, J.), entered May 27, 2004, which, after a nonjury trial, awarded plaintiff the principal sum of $75,153.72, plus interest, counsel fees, costs and disbursements, unanimously affirmed, with costs. Appeal from order, same court (Marilyn Shafer, J.), entered May 10, 2004, which denied as moot defendant's motion for summary judgment dismissing the complaint, unanimously dismissed, without costs.

We previously noted, in this dispute over the construction of a lease modification agreement, the improbability "that the subject lease modification, entered into as part of a settlement of a rent payment dispute and by its terms purporting to provide the owner with a personal guaranty of future rent payment, was ultimately meant to afford plaintiff personal accountability only as to the orderliness of the tenant's window displays. At the very least, this apparent disparity constitutes an ambiguity appropriately clarified by the receipt of parol evidence" (309 AD2d 602, 603 [2003]). Defendant is thus precluded by the law-of-the-case doctrine from again challenging the admissibility of parol evidence to ascertain the intention of the parties when they entered into the lease modification agreement (*see Camalloy Wire v National Union Fire Ins. Co. of Pittsburgh, Pa.*, 273 AD2d 123 [2000], *lv denied* 95 NY2d 763 [2000]; *Sharp v Stavisky*, 242 AD2d 447 [1997], *lv dismissed* 91 NY2d 956 [1998]). Moreover, when the lease modification is read in its entirety, it becomes clear, as supported by the evidence at trial, that the owner and the tenant intended the latter to be personally bound thereto (*see Sound Distrib. Corp. v Richmond*, 213 AD2d 178, 179 [1995], *lv denied* 86 NY2d 702 [1995]), a situation that is not negated by the typographical error on the signature page.

We have considered defendant's argument that the modification agreement is unenforceable as in violation of the statute of frauds (General Obligations Law § 5-701 [a] [2]), and find it to be without merit. Concur—Buckley, P.J., Tom, Mazzarelli, Ellerin and Gonzalez, JJ.