■ NORTH FORK BANK et al., Respondents, v COHEN & KRASSNER, Appellant. [843 NYS2d 575]—

Order, Supreme Court, New York County (Judith J. Gische, J.), entered July 17, 2006, which, insofar as appealed from, denied defendant's motion to dismiss plaintiffs' causes of action for fraud and indemnification, unanimously modified, on the law, to dismiss the fraud cause of action insofar as asserted by plaintiff North Fork and the indemnification cause of action insofar as asserted by plaintiff Eastside Holdings, and otherwise affirmed, without costs.

Plaintiffs' allegations that, inter alia, defendant law firm prepared an opinion letter and corporate resolution misrepresenting the borrower's authority to enter into the subject mortgage transaction, and that defendant knew such letter and resolution were false, are sufficient to state a cause of action for fraud (see *Serio v PricewaterhouseCoopers LLP*, 9 AD3d 330, 331 [2004]). However, the claim is viable only insofar as asserted by plaintiff Eastside, to whom plaintiff North Fork, the lender and victim of the alleged fraud, assigned "all of its right, title and interest in and to [the] mortgage[ ]" for full value prior to institution of this action (*compare State of Cal. Pub. Employees' Retirement Sys. v Shearman & Sterling*, 95 NY2d 427, 435-436 [2000], *with Banque Arabe et Internationale D'Investissement v Maryland Nat. Bank*, 57 F3d 146, 152 [1995]). While North Fork does not have a claim for fraud, it does have a claim for indemnification and or contribution of any preassignment sums that were paid to it by the borrower and are recovered by the latter in its pending action to void the mortgage. Defendant's argument that indemnification/contribution would be improper, in view of the borrower's allegations accusing not only its allegedly unfaithful servant with fraud but also North Fork with commercial bad faith, is premature prior to resolution of the borrower's action. However, Eastside, which is not a party to the borrower's action and therefore cannot be compelled to reimburse the borrower for any mortgage payments it made as a result of defendant's false opinion letter, does not have a cause of action against de-

fendant for indemnification or contribution (*see generally 17 Vista Fee Assoc. v Teachers Ins. & Annuity Assn. of Am.*, 259 AD2d 75, 80 [1999]). Eastside, whose only damages in the event the mortgage is voided would be an inability to recover mortgage payments, has recourse in its claim for fraud in this action. Defendant's argument that North Fork's position in the borrower's still pending action, that the individual who executed the mortgage documents had authority to do so, judicially estops plaintiffs from asserting in this action that defendant knew that such individual was not so authorized and misrepresented that fact in its opinion letter and the corporate resolution, is premature (*see HGCD Retail Servs., LLC v 44-45 Broadway Realty Co.*, 37 AD3d 43, 48 [2006]). Concur—Lippman, P.J., Tom, Marlow, Gonzalez and Malone, JJ.