Hoffman v RSM US LLP (2019 NY Slip Op 01172)





Hoffman v RSM US LLP


2019 NY Slip Op 01172


Decided on February 19, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 19, 2019

Renwick, J.P., Richter, Mazzarelli, Webber, Kern, JJ.


8245 150620/16

[*1]Eli Hoffman, as Receiver to, and on Behalf of Cobalt Asset Management, L.P., Plaintiff-Respondent,
v
RSM US LLP, etc., et al., Defendants-Appellants, John Does 1-10, et al., Defendants.


Arnold & Porter Kaye Scholer LLP, New York (Veronica E. Callahan and Kevin T. Sullivan of counsel), for appellants.
Nagel Rice LLP, New York (Bradley L. Rice of counsel), for respondent.



Order, Supreme Court, New York County (Melissa Crane, J.), entered May 3, 2018, which, insofar as appealed from, denied defendants RSM US, LLP and Richard Nichols's motion to dismiss the cause of action for aiding and abetting fraud pursuant to CPLR 3211, unanimously modified, on the law, to grant the motion except as to the part of the claim based on defendants' advice to nonparty Charles Thompson to treat his defense costs in a prior proceeding as capital contributions to Cobalt Asset Management, L.P., and otherwise affirmed, without costs.
Plaintiff, as receiver to Cobalt Asset Management, L.P. (CAM), alleges that defendants, tax preparers/accountants for CAM and its former general partner, nonparty Charles Thompson, aided and abetted Thompson's looting of CAM's assets for his personal benefit.
The motion court correctly declined to dismiss the aiding and abetting fraud claim on statute of limitations grounds, despite mistakenly ruling that defendant RSM's engagement letters required CAM to have actual knowledge of Thompson's fraud. In fact, the letters say that no claims may be brought by either party more than 24 months after the party "knows or has reason to know" that the claim has accrued (emphasis added) (see Norddeutsche Landesbank Girozentrale v Tilton, 149 AD3d 152, 161-162 [1st Dept 2017]). The court correctly accepted as true plaintiff's allegation that it was not until the summer of 2015, when defendants produced their work papers — as opposed to CAM's tax returns — and defendant Nichols was deposed, that plaintiff realized that defendants had aided and abetted Thompson's fraud (see id. at 158).
However, the aiding and abetting fraud claim is largely duplicative of the dismissed malpractice claim (see e.g. Penner v Hoffberg Oberfest Burger & Berger, 303 AD2d 249 [1st Dept 2003]). To the extent both the malpractice and aiding and abetting fraud claims allege that defendants ignored their professional duties, they are duplicative (see id.). To the extent both the malpractice and aiding and abetting fraud claims are based on defendants' conflicts of interest, they are duplicative (see Alphas v Smith, 147 AD3d 557, 558-559 [1st Dept 2017]). To the extent both claims are based on nondisclosure, they are duplicative (see Sage Realty Corp. v Proskauer Rose, 251 AD2d 35, 39 [1st Dept 1998]).
Serio v PricewaterhouseCoopers LLP (9 AD3d 330, 331 [1st Dept 2004]) and Houbigant, Inc. v Deloitte & Touche (303 AD2d 92 [1st Dept 2003]) are distinguishable as the defendants in those cases were auditors whereas the defendants in the case at bar were acting as CAM's and Thompson's tax preparers and, as the complaint alleges, were not responsible for providing any opinion about CAM's financial statements.
However, to the extent the aiding and abetting fraud claim alleges that defendants gave [*2]Thompson specific advice that allowed him to perpetrate a fraud, it is not duplicative of the malpractice claim (see Mitschele v Schultz, 36 AD3d 249, 255 [1st Dept 2006]). The only specific advice alleged in the complaint is that Nichols, on behalf of RSM, decided or suggested that Thompson's costs to defend a prior proceeding be treated as capital contributions to CAM.
Additionally, most of the aiding and abetting claim should be dismissed on the ground that it fails to state a cause of action as it fails to sufficiently allege substantial assistance in achievement of the fraud (see Stanfield Offshore Leveraged Assets, Ltd. v Metropolitan Life Ins. Co., 64 AD3d 472, 476 [1st Dept 2009], lv denied 13 NY3d 709 [2009]). Most of the claim is based on defendants' failure to protect CAM's limited partners. However, even if RSM owed a duty to CAM, its client, it did not owe a duty to CAM's limited partners (see Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 561-562 [2009]). Thus, to the extent the claim is based on allegations of inaction on defendants' part, the claim should be dismissed because such allegations are insufficient to support the claim of aiding and abetting fraud absent such a duty (Stanfield, 64 AD3d at 476).
To the extent the aiding and abetting fraud claim is based on allegations of defendants' affirmative conduct in continuing to file CAM's tax returns, the claim fails to state a cause of action because the conduct alleged is nothing more than the performance of routine business services (see CRT Invs., Ltd. v BDO Seidman, LLP, 85 AD3d 470, 472 [1st Dept 2011]). However, to the extent the aiding and abetting fraud claim is based on allegations that defendants specifically advised Thompson to treat his defense costs in a prior proceeding as capital
contributions to CAM, the claim is sufficiently pleaded as such conduct does not constitute the performance of routine business services.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 19, 2019
CLERK