First NY LLC v Marshall (2025 NY Slip Op 51470(U))

[*1]

First NY LLC v Marshall

2025 NY Slip Op 51470(U)

Decided on September 18, 2025

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 18, 2025
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Brigantti, J.P., Tisch, James, JJ.

570795/25

First NY LLC, Petitioner-Landlord-Appellant,
against
Greg Marshall, Respondent-Tenant-Respondent.

Landlord appeals from an order of the Civil Court of the City of New York, New York County (Vanessa Fang, J.), dated March 7, 2025, which denied its motion to dismiss tenant's defenses and for summary judgment of possession and granted tenant's cross-motion to dismiss petition in a holdover summary proceeding.

Per Curiam.
Order (Vanessa Fang, J.), dated March 7, 2025, reversed with $10 costs, tenant's cross-motion denied, petition reinstated, fourth affirmative defense stricken, and the matter remanded for a determination of landlord's motion.
Landlord served a notice of nonrenewal in September 2019, informing tenant that his lease will not be renewed because landlord intends to demolish the building (see Rent Stabilization Code [9 NYCRR] 2524.5 [a] [2]). The notice further informed tenant that landlord filed a demolition application with DHCR and that tenant is not required to vacate until a final order approving the application is issued. 
DHCR denied landlord's demolition application in April 2021, and landlord's article 78 proceeding was dismissed by Supreme Court in November 2021 (see First NY, LLC v New York State Div. of Hous. & Community Renewal, 2021 NY Slip Op 32236[U] [Sup Ct, NY County Nov. 9, 2021 Index No 155909/21, Edmead, J.]). However, in September 2022, the Appellate Division reversed and annulled DHCR's determination, holding that DHCR erred in denying landlord's demolition application (see Matter of First NY LLC v New York State Div. of Hous. & Community Renewal, 208 AD3d 1095 [2022], lv denied 40 NY3d 907 [2023]). On remand, DHCR subsequently issued a superseding determination holding, among other things, that landlord does not have to offer a renewal lease to tenant and that landlord may commence an eviction proceeding if tenant does not vacate within four months. Tenant did not vacate and this holdover proceeding was commenced in August 2024.
Tenant's cross-motion for summary judgment dismissing the holdover petition on the ground of waiver, based upon landlord's acceptance of rent checks during the period between end [*2]of the lease term (January 2020) and commencement of the holdover proceeding (August 2024), should have been denied. "A waiver is the voluntary abandonment or relinquishment of a known right. It is essentially a matter of intent which must be proved" (Jefpaul Garage Corp. v Presbyterian Hosp. in City of NY, 61 NY2d 442, 446 [1984]), and should not be lightly presumed (see Gilbert Frank Corp. v Federal Ins. Co., 70 NY2d 966, 968 [1988]). 
The facts of this case clearly negate any inference that landlord waived the notice of nonrenewal by accepting rent. The notice of nonrenewal informed tenant that he did not have to vacate the premises until DHCR approved landlord's pending demolition application, a process that took several years. During that process, landlord accepted rent from tenant in accordance with DHCR policy, which allows for the collection of rent at the last lease amount while a demolition application is pending. These facts negate any inference that landlord intended to waive the notice of nonrenewal while the matter was pending at DHCR or during judicial review of DHCR's determination (see Sharp v Stavisky, 242 AD2d 447 [1997], lv dismissed 91 NY2d 956 [1999]; 1894 Eastchester Professional Bldg., Ltd. v Christopher, 49 Misc 3d 135[A], 2015 NY Slip Op 51481[U] [App Term, 1st Dept 2015]).
We remand the matter for further proceedings, including disposition of landlord's motion—denied as moot below.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: September 18, 2025