BH 336 Partners LLC v Sentinel Real Estate Corp. (2026 NY Slip Op 00305)

BH 336 Partners LLC v Sentinel Real Estate Corp.

2026 NY Slip Op 00305

Decided on January 22, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 22, 2026

Before: Manzanet-Daniels, J.P., Webber, Friedman, González, Michael, JJ. 

Index No. 653867/23|Appeal No. 5646|Case No. 2025-02914|

[*1]BH 336 Partners LLC, et al., Plaintiffs-Respondents,
vSentinel Real Estate Corporation, et al., Defendants-Appellants, Newcastle Realty Services, LLC, et al., Defendants.

Davis Polk & Wardwell LLP, New York (Antonio J. Perez-Marques of counsel), for appellants.
Herrick Feinstein LLP, New York (Leah Kelman of counsel), for respondents.

Order, Supreme Court, New York County (Lori G. Sattler, J.), entered April 10, 2025, which, to the extent appealed from as limited by the briefs, denied the motion of defendants Sentinel Real Estate Corporation and GRF I Manager Corp. to dismiss the complaint pursuant to CPLR 3211(a)(1), (3), (5), and (7), unanimously modified, on the law, to dismiss all claims as time-barred except for those asserted by plaintiffs EZ Wadsworth Partners LLC and BH 336 Partners LLC, and otherwise affirmed, without costs.
Plaintiffs' claims, other than those of plaintiffs EZ Wadsworth Partners LLC and BH 336 Partners LLC, are untimely. Plaintiffs allege that they and their affiliates were fraudulently induced into entering into five contracts with defendants between December 18, 2015 and May 31, 2017, to purchase apartment buildings in Manhattan owned by entities controlled by Sentinel. Plaintiffs allege that defendants falsely stated that many of the rent-stabilized units in these apartment buildings had been legally deregulated when in fact the deregulation of the apartment had been illegally effected by employees of the buildings' manager, defendant Newcastle Realty Services, LLC. Except for the buildings purchased by EZ Wadsworth and BH 336, the contract of sale for each building was executed on or before August 26, 2016, more than six years — including the days tolled as a result of the 2020 COVID-related executive orders — before plaintiffs brought this action on August 9, 2023 (see CPLR 213[8]).
The time-barred plaintiffs also cannot rely on their lack of awareness of the fraud to take advantage of the two-year discovery period under CPLR 213(8), as they were placed on inquiry notice no later than June 20, 2019, when the Office of the New York Attorney General forwarded their attorneys a copy of a complaint in People v David Drumheller. The complaint alleged that David Drumheller, an employee of Newcastle, along with contractors and other Newcastle employees, artificially inflated the renovation costs of various units in apartment buildings throughout New York City owned by Sentinel affiliates. According to that complaint, Drumheller did so to fraudulently deregulate the units. Although the complaint mentioned only one of the buildings plaintiffs purchased in passing, the complaint otherwise stated that Newcastle managed 2,500 apartments; that Drumheller was critical to Newcastle's practice of deregulating rent-stabilized units; and that Drumheller caused hundreds of such units to be fraudulently deregulated.
Thus, plaintiffs' awareness of the possibility of the fraudulent scheme involving buildings they purchased from Sentinel-controlled entities placed on plaintiffs a duty to investigate the fraud, even if plaintiffs had no reason at the time to believe that Sentinel or Newcastle was involved (see Aozora Bank, Ltd. v Credit Suisse Group, 144 AD3d 437, 437-440 [1st Dept 2016], lv denied 28 NY3d 914 [2017]). Plaintiffs did not engage in such an investigation.
However, the Supreme Court was correct in holding that defendants did not meet their burden on a motion to dismiss to establish that the remaining plaintiffs lacked standing. EZ Wadsworth Partners LLC and BH 336 Partners LLC (the assignee plaintiffs) did not enter contracts directly with the defendants. Instead, the assignee plaintiffs' affiliates, mainly nonparties Heritage Realty LLC and Aryeh Family Holdings LLC, contracted to purchase the buildings from defendants. Heritage and Aryeh then assigned their contracts to the assignee plaintiffs. As the Supreme Court found, the parties to the original purchase contracts specifically contemplated that the assignment would be a part of the transaction, and the assignments were broadly worded to convey "all. . . right, title and interest" of the purchasers in the respective purchase contracts.
A factfinder could find the requisiteintent to transfer fraud claims under these circumstances. "[T]he right to assert a fraud claim related to a contract or note does not automatically transfer with the respective contract or note" (Commonwealth of Pennsylvania Pub. Sch. Employees' Retirement Sys. v Morgan Stanley & Co., Inc., 25 NY3d 543, 550 [2015]). "Thus, where an assignment of fraud or other tort claims is intended in conjunction with the conveyance of a contract or note, there must be some language—although no specific words are required—that evinces that intent and effectuates the transfer of such rights" (id.). In the presence of sufficiently broad assignment language, courts are permitted to assess the circumstances of the surrounding assignment to discern if the parties intended to transfer fraud claims (id. at 552).
Other courts have considered the surrounding circumstances in determining whether the parties intended to assign claims of fraud. In Banque Arabe, 57 F3d 146, 151-153 [2d Cir 1995], for example, the Second Circuit held that a recitation in an assignment agreement transferring "all of [the predecessor party's] rights, title and interest" in a "transaction" was sufficient to transfer a fraud claim upon analyzing the underlying circumstances (see also International Design Concepts, LLC v Saks Inc., 486 F Supp 2d 229 [SD NY 2007][finding tort claims assigned when the language assigned "all assets . . . without limitation"]). The Commonwealth of Pennsylvania Court analyzed these cases, noting that the assignments were made in contemplation of the assignor's dissolution (in Banque) or where the assignor was already defunct (in Internationale), compelling the conclusion that the assignors had intended to assign their respective tort claims.
The assigning language in this case was also sufficiently broad to create a factual issue surrounding the parties' intent under these circumstances. This Court has found that "all of [the predecessor party's] right, title and interest in and to" a mortgage may be sufficient to transfer a fraud claim (North Fork Bank v Cohen & Krassner, 44 AD3d 375, 375 [1st Dept 2007]). While this Court has held in other contexts that fraud claims would not be assigned in the presence of similar contractual assignment language (see, e.g., Dexia SA/NV v Stanley, 132 AD3d 497, 497 [1st Dept 2016], lv denied 28 NY3d 903 [2016]; Royal Park Sealink Funding Ltd. v Morgan Stanley, 133 AD3d 458 [1st Dept 2015], lv denied 32 NY3d 1143 [2019]), these cases did not involve a situation like here, where it is alleged that the original purchasers were, in effect, the same as the assignee plaintiffs, with the same person signing on behalf of the purchaser-assignors and the assignees. Instead, Dexia and Royal Park deal with the post-facto assignment of rights under a contract entered into between the assignee and a third party, where the intention of the assignor would be more difficult to discern.
Finally, plaintiffs did not disclaim reliance based on the general disclaimer included in the contract, which made no mention "to the particular type of fact misrepresented or undisclosed," which were "peculiarly within the seller's knowledge" (Basis Yield Alpha Fund [Master] v Goldman Sachs Group, Inc., 115 AD3d 128, 137 [1st Dept 2014]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 22, 2026