721 Borrower LLC v Premier Digital Equip. Servs. Inc. (2026 NY Slip Op 00305)

721 Borrower LLC v Premier Digital Equip. Servs. Inc.

2026 NY Slip Op 00305

Decided on January 27, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 27, 2026

Before: Moulton, J.P., Mendez, Rodriguez, Rosado, Hagler, JJ. 

Index No. 652213/23|Appeal No. 5664|Case No. 2024-04544|

[*1]721 Borrower LLC, Plaintiff-Appellant,
vPremier Digital Equipment Services Inc. et al., Defendants-Respondents.

Charles E. Boulbol, P.C., Brooklyn (Charles E. Boulbol of counsel), for appellant.
Allen Bodner, Brooklyn, for respondents.

Order, Supreme Court, New York County (Gerald Lebovits, J.), entered on or about May 23, 2024, which, to the extent appealed from, denied plaintiff landlord's motion for summary judgment dismissing defendants' counterclaims, unanimously modified, on the law, to dismiss the counterclaims of defendants guarantors Sanford Schneiderman and Rhona Schneiderman in their entirety and so much of the counterclaims of defendant tenant Premier Digital Equipment Services Inc. as are based on insufficient or deficient elevator service, and otherwise affirmed, without costs.
We note initially that although the landlord's briefs before Supreme Court did not raise arguments about the counterclaims, the landlord's submissions on the motion included the lease, the guaranty, and an August 2020 stipulation, and this Court is empowered to search the record and award judgment if appropriate (Chateau D'If Corp. v City of New York, 219 AD2d 205, 209-210 [1st Dept 1996], lv denied 88 NY2d 811 [1996]). Likewise, this Court is empowered to review the landlord's argument regarding the counterclaims, as it is a purely legal argument apparent on the face of the record and could not have been avoided if brought to the adverse party's attention (id. at 209).
As to the merits of the argument, we agree with the landlord that the guarantors waived their right to interpose counterclaims, as they agreed in their guaranty that they would "in no manner interpose any counterclaim of whatsoever nature or description whatsoever in any . . . action" brought by the landlord against them "on any matters whatsoever arising out of, under, or by virtue of the terms of the Lease or this Guaranty" (see Fortress Credit Corp. v Hudson Yards, LLC, 78 AD3d 577 [1st Dept 2010]; Red Tulip, LLC v Neiva, 44 AD3d 204, 205-206, 209-210 [1st Dept 2007], lv dismissed 10 NY3d 741 [2008], lv denied 13 NY3d 709 [2009]; Gannet Co. v Tesler, 177 AD2d 353, 353 [1st Dept 1991]). This language makes clear that the waiver applies to all counterclaims, not just to claims existing as of the date of the guaranty.
Although in the August 2020 stipulation the tenant did waive all affirmative defenses except for payment, it did not waive counterclaims (see P.J.P. Mech. Corp. v Commerce & Indus. Ins. Co., 65 AD3d 195, 199-200 [1st Dept 2009]). Furthermore, although Supreme Court properly dismissed the affirmative defense of breach of the covenant of quiet enjoyment in light of the waiver, dismissal of that affirmative defense does not, contrary to the landlord's position otherwise, compel dismissal of the first counterclaim on the merits. Even if the tenant remained in possession of the premises, the landlord may still be found to have breached the covenant of quiet enjoyment if the tenant can show that the landlord's conduct substantially and materially deprived the tenant of the beneficial use and enjoyment of the premises (see River Park Assoc. [1972] L.P. v Richman Plaza Garage Corp., 178 AD3d 422, 424 [1st Dept 2019]).
However, the tenant's counterclaims which are based on insufficient or deficient elevator service should have been dismissed, as the lease provides that the landlord "shall not be liable for any loss of business by Tenant due to a breakdown of the elevator."
Finally, the landlord is not entitled to summary judgment dismissing the tenant's remaining counterclaims, as issues of fact preclude summary judgment. We cannot conclude that the tenant wrongfully failed to perform under the lease, as the record is not clear whether the tenant was the first party to breach the lease by failing to pay rent, or whether the landlord was the first party to breach the lease by failing to keep the public halls and public portions of the building clean, thereby breaching the covenant of quiet enjoyment (cf. EXRP 14 Holdings LLC v LS-14 Ave LLC, 228 AD3d 498 [1st Dept 2024]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 27, 2026