■ RAVENS METAL PRODUCTS, INC., Appellant, v BRENDA MC-GANN et al., Respondents. (And Another Related Action.) [699 NYS2d 503] —Mugglin, J. Appeal from a judgment of the Supreme Court (Dier, J.), entered June 2, 1998 in Washington County, which, *inter alia*, dismissed the complaint at the close of plaintiff's case.

Plaintiff, a foreign corporation, manufactures and sells aluminum utility and snowmobile trailers. In 1994, plaintiff entered into a series of contracts with defendant Northeast' Trailer Sales, Inc. One of these contracts involved a shipment of 50 snowmobile trailers for which plaintiff was not paid. In February 1995, plaintiff commenced an action against North-

---

east for breach of contract, account stated and quantum meruit. In August 1995, plaintiff commenced a second action against defendants Brenda McGann, Duane McGann and Northeast, alleging fraudulent conveyances and seeking to pierce the corporate veil. The actions were consolidated for trial which commenced before Supreme Court and a jury on May 13, 1998. After plaintiff rested, Supreme Court granted defendant's motion in the second action and dismissed the causes of action pleaded therein as against all defendants for failure to prove a prima facie case, ruling that there was no evidence of any misrepresentation of any material fact by the individual defendants in their dealings with plaintiff and that the issue of whether to pierce the corporate veil is equitable in nature and for the court, not the jury, to decide. Plaintiff appeals from the dismissal of this action alleging that Supreme Court erred in dismissing the action and in not allowing plaintiff to conform its pleadings to the proof with respect to alleged fraudulent transfers occurring subsequent to the date that the second action was commenced.

We affirm. The record reveals that Northeast was operated by Brenda McGann, its sole officer, director and shareholder.[1] Northeast was operated by Brenda McGann from the premises of McGann's Garage, Inc., a corporation in which both Brenda McGann and Duane McGann were officers and directors but which was operated by Duane McGann. Plaintiff did establish at trial that Brenda McGann, as the sole stockholder and officer of Northeast held no corporate meetings, had no board of directors and kept no corporate records. The evidence also established that Northeast's balance sheets, prepared by its accountant, for the end of the fiscal years, September 30, 1993 and 1994 showed shareholder equity of $233 in 1993 and negative $7,366 in 1994. Plaintiff also introduced many checks showing that Northeast paid employees of McGann's Garage, Inc. on occasion, paid at least two note payments for McGann's Garage, Inc. (on which notes the McGanns were guarantors), and that Brenda McGann took sums for her personal living expenses and to pay some personal obligations, including erecting a fence around her horse pasture. Despite the fact that this proof tends to show domination of the corporation by Brenda

---

1.  There is evidence that Duane McGann signed at least one corporate borrowing resolution and several corporate checks but there is no evidence of his having authority to do so.

McGann and that it was arguably undercapitalized,[2] the proof, nevertheless, is inadequate to establish fraudulent conveyances. Absent proof of lack of consideration, there is no presumption that the conveyance was fraudulent (see, *Atlanta Shipping Corp. v Chemical Bank*, 631 F Supp 335, *affd* 818 F2d 240). Plaintiff introduced no evidence that any of these transfers were without consideration. All checks drawn, except those to Brenda McGann, were for legitimate obligations of Northeast. Plaintiff's evidence failed to show that even the sums withdrawn by Brenda McGann for her personal use were not in excess of what would be fair consideration for her services to this corporation.

After observing that the concept of piercing the corporate veil is equitable in nature and dependent on the facts and equities in each case—which prevent the statement of definitive rules—the Court of Appeals held:

"Generally, however, piercing the corporate veil requires a showing that: (1) the owners exercised complete domination of the corporation in respect to the transaction attacked; and (2) that such domination was used to commit a fraud or wrong against the plaintiff which resulted in plaintiff's injury * * *

"While complete domination of the corporation is the key to piercing the corporate veil, especially when the owners use the corporation as a mere device to further their personal rather than the corporate business * * * such domination, standing alone, is not enough; some showing of a wrongful or unjust act toward plaintiff is required * * * The party seeking to pierce the corporate veil must establish that the owners, through their domination, abused the privilege of doing business in the corporate form to perpetrate a wrong or injustice against that party such that a court in equity will intervene" (*Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d 135, 141-142).

There is no evidence in this record that Brenda McGann abused the privilege of doing business as a corporation to perpetrate a wrong against plaintiff. At trial, plaintiff's vice-president admitted that there was a legitimate dispute concerning the amount owed Northeast for repair and modification work done on behalf of plaintiff by Northeast (through McGann's Garage, Inc.) so that these trailers could be sold. The amount sought by Northeast for such repair work was nearly

---

2. The corporate checking account records indicate that from July 27, 1994 to August 26, 1994, $87,666.40 was deposited in the account and the balance on the date of the statement was $24,706.43 and for the succeeding month, additional deposits of $81,845.30 with a remaining balance of $62,390.02.

identical to the amount sought by plaintiff for the trailers. Indeed, Brenda McGann testified that a representative of plaintiff at one time told her that their repair bill would be offset against the amount owed, resulting in a "wash".

Given these facts and circumstances, we conclude that Supreme Court correctly refused to pierce the corporate veil because no wrongful or unjust act toward plaintiff was shown, no actual fraud was shown, and no presumption of fraud arose in the absence of proof of lack of consideration.

Likewise, we find no error in not allowing additional proof of alleged fraudulent conveyances subsequent to the commencement of the second action either as they relate to the issue of piercing the corporate veil or as proof of fraud. Pursuant to CPLR 3025 (b) a party may amend his or her pleading or supplement it by setting forth additional or subsequent transactions or occurrences at any time by leave of court or by stipulation of all parties.

Permission to conform pleadings to the evidence may be freely given before or after judgment (CPLR 3025 [c]), absent prejudice or surprise from the delay to the nonmoving party (*see, Cotazino v Basil Dev. Corp.*, 167 AD2d 632, 634; *Sparks v Stich*, 135 AD2d 989, 991-992; *O'Sullivan v O'Sullivan*, 126 AD2d 784, 785, *lv dismissed* 69 NY2d 984).

The transactions which plaintiff sought to introduce were simply additional checks of the same nature as those already in evidence. Plaintiff's offer of proof did not include any offer to show that any of these checks were given for an inadequate consideration. Absent such offer, we do not find that Supreme Court abused its discretion in denying this motion. The exercise of such discretion will not be lightly set aside (*see, Beuschel v Malm*, 114 AD2d 569).

Mikoll, J. P., Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the judgment is affirmed, with costs.