■ WORLDCOM, INC., et al., Respondents, v PREPAY USA TELECOM, CORP. et al., Appellants, et al., Defendants. [741 NYS2d 532] —Order, Supreme Court, New York County (Barry Cozier, J.), entered on or about February 9, 2001, which, insofar as appealed from, denied defendants-appellants' motion for summary judgment dismissing the complaint as against the individual defendants-appellants, and granted plaintiffs' cross motion for summary judgment to the extent of granting partial summary judgment against the corporate defendant-appellant on the issue of its liability for breach of contract, unanimously modified, on the law, to dismiss the action as against the individual defendants-appellants, and otherwise affirmed, without costs. The Clerk is directed to enter judgment in favor of defendants-appellants Malcolm W. Mead and Philip W. Gaffney, dismissing the complaint as against them.

The transactions that plaintiffs claim establish a commingling of personal and business funds in disregard of the corporate form involve only several thousand dollars assertedly mischaracterized as consulting fees and rent rather than salary, and could not possibly have caused the millions of dollars in damages plaintiffs claim (*see, Matter of Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d 135, 141-142; *cf.*, *Ravens Metal Prods. v McGann*, 267 AD2d 527, 529). Accordingly, the complaint should be dismissed insofar as it seeks to pierce the corporate veil and impose personal liability against

the individual defendants. However, plaintiffs were properly granted partial summary judgment on the issue of the corporate defendant's liability for breach of contract. The addendum to that contract, in which plaintiffs consented to the corporate defendant's assignment of the contract to defendant-respondent, specifically provided that the corporate defendant was to remain bound, and the record contains no express agreement releasing the corporate defendant or any facts, other than plaintiffs' consent to the assignment, tending to imply such a release (*see, Mandel v Fischer*, 205 AD2d 375). Concur—Nardelli, J.P., Sullivan, Wallach, Rubin and Friedman, JJ.