[944 NE2d 1135, 919 NYS2d 496]

EAST HAMPTON UNION FREE SCHOOL DISTRICT, Appellant, v SANDPEBBLE BUILDERS, INC., Defendant, and VICTOR CANSECO, Respondent.

Argued January 12, 2011; decided February 22, 2011

**APPEARANCES OF COUNSEL**

*Morgan, Lewis & Bockius LLP*, New York City (*Bernard J. Garbutt, III*, and *Marc Shanker* of counsel), for appellant.

*Esseks, Hefter & Angel, LLP*, Riverhead (*Theodore D. Sklar, Stephen R. Angel* and *Nancy Silverman* of counsel), for respondent.

**OPINION OF THE COURT**

MEMORANDUM.

The order of the Appellate Division should be affirmed, with costs.

In this litigation brought by a school district against a corporation it had hired to perform construction management services, the school district sought to pierce the corporate veil to hold Victor Canseco, the president and sole shareholder of the corporation, personally liable for alleged breaches of certain corporate obligations. In order for a plaintiff to state a viable claim against a shareholder of a corporation in his or her individual capacity for actions purportedly taken on behalf of the corporation, plaintiff must allege facts that, if proved, indicate that the shareholder exercised complete domination and control over the corporation and "abused the privilege of doing business in the corporate form to perpetrate a wrong or injustice" (*Matter of Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d 135, 142 [1993]). Since, by definition, a corporation acts through its officers and directors, to hold a shareholder/officer such as Canseco personally liable, a plaintiff must do more than merely allege that the individual engaged in improper acts or acted in "bad faith" while representing the corporation. In this case, plaintiff failed to allege any facts indicating that Canseco engaged in acts amounting to an abuse or perversion of the corporate form, much less that the school district was harmed as a result of such actions. Under the circumstances, the Appellate Division did not err in failing to direct that plaintiff be permitted to file an amended complaint as the record affords no basis to conclude that the deficiency could have been cured by repleading.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur.

Order affirmed, with costs, in a memorandum.