■ KAYLA JAMES, an Infant, by Her Mother and Natural Guardian, ATARA JAMES, et al., Appellants, v LORAN REALTY V CORP., Defendant, and FRANK PALAZZOLO et al., Respondents. [925 NYS2d 492]—

Order, Supreme Court, Bronx County (Stanley B. Green, J.), entered October 30, 2009, which, after a nonjury trial, in this action for personal injuries sustained by infant plaintiff as a result of exposure to lead-based paint in a building owned by defendant Loran Realty V Corp. (Loran V), dismissed plaintiffs' second cause of action seeking to pierce the corporate veil of Loran V and hold the individual defendants personally liable for plaintiffs' injuries, unanimously affirmed, without costs.

"[P]iercing the corporate veil requires a showing that: (1) the owners exercised complete domination of the corporation in respect to the transaction attacked; and (2) that such domination was used to commit a fraud or wrong against the plaintiff which resulted in plaintiff's injury" (*Matter of Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d 135, 141 [1993]). Here, while plaintiffs may have demonstrated that defendant Palazzolo exercised complete domination and control over Loran V, they have failed to show that Palazzolo's actions were for the

purpose of leaving the corporation judgment proof or that his actions amounted to a wrong against them (*see Fantazia Intl. Corp. v CPL Furs N.Y., Inc.*, 67 AD3d 511 [2009]). Although Loran V is now a judgment-proof shell, it was not such at the time the individual defendants turned over control of it, and plaintiffs have offered no evidence showing that Palazzolo, or any other defendant, had any financial interest in, or continued to be involved in the management or control of, Loran V at the time it became judgment proof (*id.*).

We have considered plaintiffs' remaining arguments and find them unavailing. Concur—Tom, J.P., Saxe, DeGrasse, Freedman and Abdus-Salaam, JJ.