■ MICHAEL GRAMMAS et al., Appellants, v LOCKWOOD ASSOCIATES, LLC, et al., Respondents. [944 NYS2d 623]—

In an action, inter alia, to recover damages for fraud and breach of warranty, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Murphy, J.), entered December 8, 2010, which granted the defendants' motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against the defendant Gil Porcelli.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against the defendant Gil Porcelli is denied.

The plaintiffs commenced this action related to their purchase of real property in Mount Kisco. The plaintiffs purchased the property from the defendant Lockwood Associates, LLC (hereinafter Lockwood). Lockwood, a limited liability company (hereinafter LLC), was formed for the purpose of purchasing and developing real property, and was dissolved prior to the commencement of this action. The defendant Gil Porcelli was the sole managing member of Lockwood at the time of the sale of the property, and continued in that capacity until Lockwood's dissolution. In their complaint, the plaintiffs asserted causes of action sounding in fraud and breach of warranty jointly against the defendants, and sought a judgment declaring that Lockwood and Porcelli were the alter egos of each other. The Supreme Court granted the defendants' motion to dismiss the complaint insofar as asserted against Porcelli for failure to state a cause of action, concluding that, under the doctrine of piercing the corporate veil, the complaint did not contain allegations sufficient to state a cause of action holding the defendant Porcelli personally liable for actions he took as Lockwood's sole managing member. The plaintiffs appeal, and we reverse.

"On a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211 (a) (7), 'the sole criterion is whether the pleading states a cause of action, and if from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law[,] a motion for dismissal will fail' " (*Kopelowitz & Co., Inc. v Mann*, 83 AD3d 793, 796 [2011], quoting *Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]; *see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). " 'The complaint must be construed liberally, the factual allegations deemed to be true, and the nonmoving party granted the benefit of every possible favorable inference' " (*Kopelowitz & Co., Inc. v Mann*, 83 AD3d at 797, quoting *Hense v Baxter*, 79 AD3d 814, 815 [2010]).

"A member of a limited liability company 'cannot be held liable for the company's obligations by virtue of his [or her] status as a member thereof' " (*Matias v Mondo Props. LLC*, 43 AD3d 367, 367-368 [2007], quoting *Retropolis, Inc. v 14th St. Dev. LLC*, 17 AD3d 209, 210 [2005]; *see also* Limited Liability Company Law §§ 609, 610). However, a party may seek to hold a member of an LLC individually liable despite this statutory proscription by application of the doctrine of piercing the

corporate veil (*see Matias v Mondo Props. LLC*, 43 AD3d 367 [2007]; *Retropolis, Inc. v 14th St. Dev. LLC*, 17 AD3d 209 [2005]). In order to state a viable cause of action under the doctrine of piercing the corporate veil, the "plaintiff must allege facts that, if proved, indicate that the shareholder exercised complete domination and control over the corporation [or LLC] and 'abused the privilege of doing business in the corporate [or LLC] form to perpetrate a wrong or injustice' " (*East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc.*, 16 NY3d 775, 776 [2011], quoting *Matter of Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d 135, 142 [1993]). Factors to be considered in determining whether an individual has abused the privilege of doing business in the corporate or LLC form include the failure to adhere to LLC formalities, inadequate capitalization, commingling of assets, and the personal use of LLC funds (*see East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc.*, 66 AD3d 122, 127 [2009], *affd* 16 NY3d 775 [2011]; *Millennium Constr., LLC v Loupolover*, 44 AD3d 1016 [2007]).

Contrary to the Supreme Court's determination, the plaintiffs adequately pleaded allegations that Porcelli engaged in acts amounting to an abuse or perversion of the LLC form to perpetrate a wrong or injustice against the plaintiffs, including allegations that he dissolved Lockwood shortly after closing title to the property and that the defendants failed to reserve funds for the purposes of contingent liability (*see East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc.*, 16 NY3d 775 [2011]). Accordingly, the Supreme Court should have denied the defendants' motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against Porcelli. Dillon, J.P., Angiolillo, Florio and Cohen, JJ., concur.