■ GABRIELE CIAVARELLA, Individually and as a Member of and in the Right of MANHATTAN STONE IMPORTS LLC et al., Appellants, v LUCA ZAGAGLIA, Individually and as a Manager and Member of MANHATTAN STONE IMPORTS LLC and Another, Respondent, et al., Defendants, et al., Nominal Defendant. [19 NYS3d 506]—

Order, Supreme Court, New York County (Eileen Bransten, J.), entered November 27, 2013, which denied plaintiffs' motion for partial summary judgment to pierce the corporate veil of defendants RLK Ventures LLC (RLK) and Manhattan Stone Imports LLC (MSI LLC) to impose liability on defendant Luca Zagaglia, unanimously affirmed, without costs.

"[P]iercing the corporate veil requires a showing that: (1) the owners exercised complete domination of the corporation in re-

spect to the transaction attacked; and (2) that such domination was used to commit a fraud or wrong against the plaintiff which resulted in plaintiff's injury" (*Matter of Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d 135, 141 [1993]). The motion court found that plaintiffs had satisfied the first prong but not the second.

Plaintiffs' contention that they satisfied the second prong of the *Morris* test by showing fraudulent conveyances is unavailing. The default judgment establishes only that there were fraudulent conveyances from MSI LLC to RLK; it did not establish that there were fraudulent conveyances to Zagaglia. The mere fact that Zagaglia took funds out of MSI LLC and RLK, when he was apparently working for them for no salary, does not warrant piercing the corporate veil (*see Ravens Metal Prods. v McGann*, 267 AD2d 527, 529 [3d Dept 1999]). It is true that there is no evidence of consideration for the transfers from MSI LLC and RLK to Zagaglia's wife. However, those transfers were so small that we cannot conclude that they rendered the companies insolvent (*see WorldCom, Inc. v Prepay USA Telecom, Corp.*, 294 AD2d 157 [1st Dept 2002]).

It is true that undercapitalization of a corporation and the corporation's owner's personal use of corporate funds, which results in the corporation's being unable to pay a judgment, constitute wrongdoing and injury sufficient to satisfy the second prong of *Morris* (*see e.g. Austin Powder Co. v McCullough*, 216 AD2d 825, 827-828 [3d Dept 1995]). Plaintiffs have obtained a default judgment against RLK and MSI LLC. RLK's only assets are some furniture, and MSI LLC has no assets; the logical inference is that they will not be able to pay the judgment. Plaintiffs also established that Zagaglia (a member of both RLK and MSI LLC) used corporate funds for personal purposes.

However, plaintiffs did not establish, as a matter of law, that RLK and MSI LLC were undercapitalized. Even plaintiffs admit that Zagaglia contributed at least $207,969.67 of his personal funds to RLK, and Zagaglia claims he invested more than $300,000. In addition, Zagaglia testified that the other two members of RLK contributed $110,000 to $150,000. Unlike *In re Flutie N.Y. Corp.* (310 BR 31, 41, 58 [Bankr SD NY 2004]), plaintiffs did not submit testimony from an expert witness that RLK was undercapitalized.

MSI LLC is a closer case. Again, however, plaintiffs submitted no expert testimony that MSI LLC was undercapitalized (*cf. Flutie*). Concur—Mazzarelli, J.P., Acosta, Saxe and Richter, JJ.