■ EDWARD TYLER NAHEM FINE ART, L.L.C., Appellant, v ALBERTO BARRAL, Respondent. [24 NYS3d 634]—

Order, Supreme Court, New York County (Eileen Bransten, J.), entered August 4, 2014, which, insofar as appealed from as limited by the briefs, after a nonjury trial, denied the causes of action for piercing the corporate veil and fraud, unanimously affirmed, without costs.

The record amply supports the trial court's findings, based in part on credibility determinations (see 300 E. 34th St. Co. v Habeeb, 248 AD2d 50, 54 [1st Dept 1997]), that defendant did not improperly use company funds for personal expenses, did not fail to adhere to corporate formalities, and did not significantly undercapitalize the company during its operation. Even if defendant's multiple ATM cash withdrawals from the company's bank account amounted to undercapitalization for the purpose of avoiding payment on a prior default judgment against the company, as plaintiff argues, it alone would be insufficient to justify piercing the corporate veil (see Fantazia Intl. Corp. v CPL Furs N.Y., Inc., 67 AD3d 511 [1st Dept 2009]). Further, the evidence does not compel a finding that defendant made the withdrawals for the purpose of leaving the corporation judgment proof or to perpetrate a wrong against plaintiff (see James v Loran Realty v Corp., 85 AD3d 619 [1st Dept 2011], affd 20 NY3d 918 [2012]).

The record also supports the court's findings, which rest largely on credibility determinations, with respect to the fraud claim. Although defendant's representations as to good title to the artwork all proved to be false, and the evidence supports a finding that plaintiff reasonably relied on them, to its detriment, in purchasing the artwork, the record does not sufficiently establish the requisite scienter (see Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 559 [2009]). The evidence does not show that defendant had reason to doubt the veracity of its representation that the artwork was imported lawfully but failed to investigate before making it (see State St. Trust Co. v Ernst, 278 NY 104, 112 [1938]; Serio v PricewaterhouseCoopers LLP, 9 AD3d 330, 331 [1st Dept 2004]). Concur— Friedman, J.P., Acosta, Andrias, Saxe and Feinman, JJ.