Matter of DePetris v Traina (2022 NY Slip Op 07232)

Matter of DePetris v Traina

2022 NY Slip Op 07232

Decided on December 21, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 21, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2020-04562
2021-02048
 (Index No. 17146/11)

[*1]In the Matter of William B. DePetris, respondent,
v
Joseph Traina, Jr., appellant.

Stephen A. Grossman & Associates (Rivkin Radler, LLP, Uniondale, NY [Cheryl F. Korman], of counsel), for appellant.
John Ray, Miller Place, NY, for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 52 to enforce a judgment, Joseph Traina, Jr., appeals from (1) a decision of the Supreme Court, Suffolk County (H. Patrick Leis III, J.), dated March 13, 2020, and (2) a judgment of the same court entered August 13, 2020. The judgment, upon the decision, made after a nonjury trial, is in favor of the petitioner and against Joseph Traina, Jr., in the total sum of $2,378,567.90.
ORDERED that the appeal from the decision is dismissed, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509, 509-510); and it is further,
ORDERED that the judgment is reversed, on the facts, the petition is denied, and the proceeding is dismissed; and it is further,
ORDERED that one bill of costs is awarded to Joseph Traina, Jr.
Joseph Traina, Jr., established the limited liability company J.T. Jr. Club, LLC (hereinafter the LLC), for the purposes of operating a bar in Sag Harbor. Traina was the sole member of the LLC. In 2005, the petitioner commenced a personal injury action against the LLC. The bar closed sometime in 2006, and when the lease on the property ended in February 2007, the LLC left the fixtures and equipment at the premises. A few months later, the petitioner obtained a default judgment in the personal injury action against the LLC in the principal sum of $1,101,160 (hereinafter the 2007 judgment).
In 2011, the petitioner commenced this proceeding pursuant to CPLR 5225 and 5227 to enforce the 2007 judgment against Traina personally, seeking to pierce the corporate veil on the theory that Traina was the alter ego of the LLC. Following a nonjury trial, the Supreme Court determined that the LLC was under the total dominion and control of Traina, that it lacked corporate formalities and was undercapitalized, and that it was "a virtual sham for [Traina's] individual activities." The court further found that Traina's abandonment of the only assets the LLC owned, the fixtures and equipment at the bar, stripped the LLC of its ability to pay the petitioner and rendered the LLC judgment proof, justifying the court's intervention to pierce the corporate veil and [*2]hold Traina personally responsible for the 2007 judgment. In a judgment entered August 13, 2020, the court awarded the petitioner the total sum of $2,378,567.90, against Traina, representing the sum of the 2007 judgment with interest and costs. Traina appeals.
Generally, a member of a limited liability company cannot personally be held liable for any debts, obligations or liabilities of the limited liability company, "whether arising in tort, contract or otherwise" (Limited Liability Company Law § 609[a]). The concept of piercing the corporate veil is an exception to this general rule, permitting, in certain circumstances, the imposition of personal liability on members for the obligations of the limited liability company (see Grammas v Lockwood Assoc., LLC, 95 AD3d 1073, 1074-1075; see also Matter of Morris v New York State Dept. of Taxation & Fin., 82 NY2d 135, 140-141). While the "decision whether to pierce the corporate veil in a given instance will necessarily depend on the attendant facts and equities . . . [g]enerally . . . piercing the corporate veil requires a showing that: (1) the owners exercised complete domination of the corporation [or LLC] in respect to the transaction attacked; and (2) that such domination was used to commit a fraud or wrong against the [party seeking to pierce the corporate veil] which resulted in [the party's] injury" (Matter of Morris v New York State Dept. of Taxation & Fin., 82 NY2d at 141 [citation omitted]; see Cortlandt St. Recovery Corp. v Bonderman, 31 NY3d 30, 47; Conason v Megan Holding, LLC, 25 NY3d 1, 18).
"Evidence of domination alone does not suffice without an additional showing that it led to inequity, fraud or malfeasance" (TNS Holdings v MKI Sec. Corp., 92 NY2d 335, 339; see Matter of Morris v New York State Dept. of Taxation & Fin., 82 NY2d at 141-142). The party seeking to pierce the corporate veil has the burden to establish that "the owners, through their domination, abused the privilege of doing business in the corporate form to perpetrate a wrong or injustice against that party such that a court in equity will intervene" (Matter of Morris v New York State Dept. of Taxation & Fin., 82 NY2d at 142; see TNS Holdings v MKI Sec. Corp., 92 NY2d at 339). "Factors to be considered in determining whether the owner has abused the privilege of doing business in the corporate form include whether there was a failure to adhere to corporate formalities, inadequate capitalization, commingling of assets, and use of corporate funds for personal use" (East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc., 66 AD3d 122, 127, affd 16 NY3d 775 [internal quotation marks omitted]; see Bonanni v Horizons Invs. Corp., 179 AD3d 995, 1001; Sky-Track Tech. Co. Ltd. v HSS Dev., Inc., 167 AD3d 964, 965).
Here, although Traina did not observe all corporate formalities, the evidence established that he ran a real business, with employees, customers, and vendors, and the petitioner presented no evidence that the LLC was undercapitalized or that Traina commingled the assets of the LLC with his own or used corporate funds for personal use (see Ciavarella v Zagaglia, 132 AD3d 608, 609; Roka, LLC v Hing Lam, 126 AD3d 622). Moreover, while the petitioner demonstrated that Traina exercised complete domination and control over the LLC, he failed to show that Traina's actions, including abandoning certain fixtures and equipment to his landlord, were for the purpose of leaving the LLC judgment proof or to perpetrate a wrong against the petitioner (see Edward Tyler Nahem Fine Art, L.L.C. v Barral, 136 AD3d 477, 478; James v Loran Realty V Corp., 85 AD3d 619, 619-620, affd 20 NY3d 918; Treeline Mineola, LLC v Berg, 21 AD3d 1028, 1029). Accordingly, the petitioner did not meet his burden of proof to establish that there was a basis to pierce the corporate veil under these circumstances.
BRATHWAITE NELSON, J.P., GENOVESI, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court