Gold v 22 St. Felix, LLC (2023 NY Slip Op 04194)

Gold v 22 St. Felix, LLC

2023 NY Slip Op 04194

Decided on August 9, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 9, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
BARRY E. WARHIT, JJ.

2021-02672
 (Index No. 719280/19)

[*1]Dayna Gold, et al., appellants, 
v
22 St. Felix, LLC, et al., respondents.

McElroy, Deutsch, Mulvaney & Carpenter, LLP, New York, NY (Eliott Berman of counsel), for appellants.
Rothkrug Rothkrug & Spector, LLP, Great Neck, NY (Simon H. Rothkrug of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal from an order of the Supreme Court, Queens County (Leonard Livote, J.), dated January 6, 2021. The order, insofar as appealed from, upon reargument, vacated a determination in an order of the same court dated May 26, 2020, denying that branch of the defendants' motion which was pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint insofar as asserted against the defendant Guy Assaf, and thereupon, granted that branch of the defendants' motion.
ORDERED that the order dated January 6, 2021, is reversed insofar as appealed from, on the law, with costs, and, upon reargument, the determination in the order dated May 26, 2020, denying that branch of the defendants' motion which was pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint insofar as asserted against the defendant Guy Assaf, is adhered to.
The plaintiffs commenced this action related to a contract that the Dayna Brooke Gold Trust entered into with the defendant 22 St. Felix, LLC (hereinafter the LLC) to purchase a new home constructed by the LLC. The plaintiffs alleged that the defendant Guy Assaf was a member of the LLC. The defendants moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint. In an order dated May 26, 2020, the Supreme Court, inter alia, denied that branch of the defendants' motion which was to dismiss the complaint insofar as asserted against Assaf.
Thereafter, the defendants moved for leave to reargue, among other things, that branch of their motion which was to dismiss the complaint insofar as asserted against Assaf. In an order dated January 6, 2021, the Supreme Court, inter alia, granted leave to reargue, and upon reargument, vacated the determination in the order dated May 26, 2020, denying that branch of the defendants' motion which was to dismiss the complaint insofar as asserted against Assaf, and thereupon, granted that branch of the defendants' motion. The plaintiffs appeal.
"A motion to dismiss on the ground that the action is barred by documentary evidence pursuant to CPLR 3211(a)(1) may be granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Qureshi v Vital Transp., Inc., 173 AD3d 1076, 1077; see Leon v Martinez, 84 NY2d 83, 88). On a motion [*2]to dismiss for failure to state a cause of action pursuant to CPLR 3211(a)(7), the court must afford the complaint a liberal construction, accept the facts as alleged in the complaint as true, accord the plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Leon v Martinez, 84 NY2d at 87-88; Weinstein v Levitin, 208 AD3d 531, 532).
"Generally, a member of a limited liability company cannot personally be held liable for any debts, obligations or liabilities of the limited liability company, 'whether arising in tort, contract or otherwise'" (Matter of DePetris v Traina, 211 AD3d 939, 940-941, quoting Limited Liability Company Law § 609). "The concept of piercing the corporate veil is an exception to this general rule, permitting, in certain circumstances, the imposition of personal liability on members for the obligations of the limited liability company" (Matter of DePetris v Traina, 211 AD3d at 941; see Grammas v Lockwood Assoc., LLC, 95 AD3d 1073, 1074-1075; see also Matter of Morris v New York State Dept. of Taxation & Fin., 82 NY2d 135, 140-141).
"While the 'decision whether to pierce the corporate veil in a given instance will necessarily depend on the attendant facts and equities . . . [g]enerally . . . piercing the corporate veil requires a showing that: (1) the owners exercised complete domination of the corporation [or LLC] in respect to the transaction attacked; and (2) that such domination was used to commit a fraud or wrong against the [party seeking to pierce the corporate veil] which resulted in [the party's] injury'" (Matter of DePetris v Traina, 211 AD3d at 941, quoting Matter of Morris v New York State Dept. of Taxation & Fin., 82 NY2d at 141).
In this case, the plaintiffs adequately pleaded allegations that Assaf dominated the LLC and that he engaged in acts amounting to an abuse of the LLC form to perpetrate a wrong or injustice against the plaintiffs (see Rosenshein v Kushner, 212 AD3d 744, 745; F & R Goldfish Corp. v Furleiter, 210 AD3d 643, 645; Olivieri Constr. Corp. v WN Weaver St., LLC, 144 AD3d 765, 767). Among the plaintiffs' allegations were that Assaf wound down the LLC's business following the closing of title in an effort to keep the LLC undercapitalized and judgment proof and that, following the closing, he distributed sale proceeds without reserving sufficient assets needed to satisfy the LLC's obligations under New York State's housing merchant implied warranty and any contingent liability.
Additionally, contrary to the defendants' contention, the plaintiffs adequately pleaded a cause of action alleging negligence against Assaf. "Although [c]orporate officers may not be held personally liable on contracts of their corporations, provided they did not purport to bind themselves individually under such contracts, corporate officers may be held personally liable for torts committed in the performance of their corporate duties" (Eisman v Village of E. Hills, 149 AD3d 806, 809-810 [citation and internal quotation marks omitted]; see JT Queens Carwash, Inc. v JDW & Assoc., Inc., 144 AD3d 750, 752). Here, the plaintiffs adequately alleged that Assaf personally engaged in acts of negligence in performing repairs at the home (see Eisman v Village of E. Hills, 149 AD3d at 809).
Moreover, the documentary evidence submitted by the defendants did not utterly refute the plaintiffs' factual allegations and conclusively establish a defense as a matter of law (see RCI Plumbing Corp. v Turner Towers Tenant Corp., 152 AD3d 723, 724).
Accordingly, the Supreme Court, upon reargument, should have adhered to its determination in the order dated May 26, 2020, denying that branch of the defendants' motion which was pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint insofar as asserted against Assaf.
DILLON, J.P., MALTESE, WOOTEN and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court