Murphy v Jewell (2024 NY Slip Op 03055)

Murphy v Jewell

2024 NY Slip Op 03055

Decided on June 5, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 5, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ANGELA G. IANNACCI
LARA J. GENOVESI
LAURENCE L. LOVE, JJ.

2020-04486
 (Index No. 622545/18)

[*1]Robert Murphy, et al., respondents, 
v
Max Jewell, et al., appellants, et al., defendant.

Wilson Elser Moskowitz Edelman & Dicker LLP, White Plains, NY (Karen H. Tommer and Patrick Lawless of counsel), for appellants.
Gair, Gair, Conason, Rubinowitz, Bloom, Hershenhorn, Steigman & Mackauf, New York, NY (Richard M. Steigman of counsel), for respondents.

DECISION & ORDER
Appeal by the defendants Max Jewell, Jewell Leasing, LLC, and Jewell Resources, Inc., from an order of the Supreme Court, Suffolk County (Joseph Farneti, J.), dated May 26, 2020. The order, insofar as appealed from, denied those branches of the defendants' motion which were pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against the defendants Max Jewell, Jewell Leasing, LLC, and Jewell Resources, Inc.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In December 2012, the plaintiffs allegedly sustained injuries when a driver of a tractor-trailer lost control of his vehicle on the Long Island Expressway. In 2014, the plaintiffs commenced separate actions against the driver and the driver's employer, Jewell Transport, Inc. (hereinafter Jewell Transport), among others, to recover damages for the driver's alleged negligence and recklessness and for negligent hiring and supervision.
At his March 2018 deposition in connection with the prior actions, the defendant Max Jewell (hereinafter Jewell) testified, inter alia, that he is the sole shareholder of Jewell Transport, the defendant Jewell Leasing, LLC (hereinafter Jewell Leasing), and the defendant Jewell Resources, Inc. (hereinafter Jewell Resources and, collectively with Jewell and Jewell Leasing, the Jewell defendants). In November 2018, the plaintiffs commenced this action against the Jewell defendants and the defendant Jewell Companies to hold the them liable under the theories of "successor corporate liability" and piercing the corporate veil.
The defendants moved pursuant to CPLR 3211(a)(1), (5), and (7), among other things, to dismiss the complaint insofar as asserted against the Jewell defendants. In an order dated May 26, 2020, the Supreme Court, inter alia, denied those branches of the defendants' motion. The Jewell defendants appeal.
On a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211(a)(7), a court must "accept the facts as alleged in a complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit [*2]within any cognizable legal theory" (Leon v Martinez, 84 NY2d 83, 87-88). "Generally, a member of [a corporation or] a limited liability company cannot personally be held liable for any debts, obligations, or liabilities . . . 'whether arising in tort, contract or otherwise'" (Matter of DePetris v Traina, 211 AD3d 939, 940-941, quoting Limited Liability Company Law § 609[a]; see Business Corporation Law § 628). "The concept of piercing the corporate veil is an exception to this general rule, permitting, in certain circumstances, the imposition of personal liability on members for the obligations of the limited liability company" (Matter of DePetris v Traina, 211 AD3d at 941). "While the 'decision whether to pierce the corporate veil in a given instance will necessarily depend on the attendant facts and equities[,] . . . [g]enerally[,] . . . piercing the corporate veil requires a showing that: (1) the owner[ ] exercised complete domination of the corporation [or limited liability corporation] in respect to the transaction attacked; and (2) that such domination was used to commit a fraud or wrong against the [party seeking to pierce the corporate veil] which resulted in [that party's] injury'" (id., quoting Matter of Morris v New York State Dept. of Taxation & Fin., 82 NY2d 135, 141). "[A]n attempt of a third party to pierce the corporate veil does not constitute a cause of action independent of that against the corporation; rather it is an assertion of facts and circumstances which will persuade the court to impose the corporate obligation on its owners" (Matter of Morris v New York State Dept. of Taxation & Fin., 82 NY2d at 141).
In this case, the plaintiffs adequately pleaded allegations that Jewell dominated Jewell Transport and that he engaged in acts amounting to an abuse of the corporate form to perpetrate a wrong or injustice against the plaintiffs (see Cortlandt St. Recovery Corp. v Bonderman, 31 NY3d 30, 48-49; cf. East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc., 66 AD3d 122, 127-128, affd 16 NY3d 775). Among the plaintiffs' allegations were that Jewell wound down the business of Jewell Transport following the 2012 accident and that the assets of Jewell Transport were transferred to Jewell Resources, Jewell Leasing, and Jewell Companies in an effort to keep Jewell Transport undercapitalized and judgment proof.
Moreover, the documentary evidence submitted by the defendants did not utterly refute the plaintiffs' factual allegations and conclusively establish a defense as a matter of law (see CPLR 3211[a][1]; Gold v 22 St. Felix, LLC, 219 AD3d 588, 591).
"On a motion to dismiss a complaint pursuant to CPLR 3211(a)(5) on the ground that the statute of limitations has expired, the moving defendant[s] must establish, prima facie, that the time in which to commence the action has expired" (Deutsche Bank Natl. Trust Co. v Natal, 217 AD3d 835, 836). "'As a general principle, the statute of limitations begins to run when a cause of action accrues'" (City Store Gates Mfg. Corp. v Empire Rolling Steel Gates Corp., 113 AD3d 718, 719, quoting Hahn Automotive Warehouse, Inc. v American Zurich Ins. Co., 18 NY3d 765, 770). "With respect to tort claims, 'accrual occurs when the claim becomes enforceable, i.e., when all elements of the tort can be truthfully alleged in a complaint'" (City Store Gates Mfg. Corp. v Empire Rolling Steel Gates Corp., 113 AD3d at 719, quoting Kronos, Inc. v AVX Corp., 81 NY2d 90, 94).
Here, while the plaintiffs' damages may have been caused by the 2012 accident, the defendants failed to meet their initial burden of demonstrating, prima facie, that the complaint insofar as asserted against the Jewell defendants, which is based on alleged transactions subsequent to the 2012 accident, is time-barred (see Sibrian v 244 Madison Realty Corp., 210 AD3d 1029, 1030-1031; see generally Siegler v Lippe, 189 AD3d 903, 904-905).
Accordingly, the Supreme Court properly denied those branches of the defendants' motion which were pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against the Jewell defendants.
CONNOLLY, J.P., IANNACCI, GENOVESI and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court