Louis Monteleone Fibres, Ltd. v Hudson Baylor Brookhaven, LLC (2024 NY Slip Op 03039)

Louis Monteleone Fibres, Ltd. v Hudson Baylor Brookhaven, LLC

2024 NY Slip Op 03039

Decided on June 5, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 5, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
ROBERT J. MILLER
LARA J. GENOVESI
LAURENCE L. LOVE, JJ.

2020-03543
 (Index No. 604674/19)

[*1]Louis Monteleone Fibres, Ltd., respondent,
v
Hudson Baylor Brookhaven, LLC, et al., defendants, Winters Bros. Green Stream Intermediate Holdings, LLC, et al., appellants.

Ruskin, Moscou, Faltischek, P.C., Uniondale, NY (Michael A.H. Schoenberg of counsel), for appellants Anthony Core and GSR Holdings, LLC.
Jaspan Schlesinger LLP, Garden City, NY (Steven R. Schlesinger, Stanley A. Camhi, and Rachel L. Patrick of counsel), for appellants Winters Bros. Green Stream Intermediate Holdings, LLC, and Michele Winters.
Meltzer, Lippe, Goldstein & Breitstone, LLP, Mineola, NY (Thomas J. McGowan of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendants Winters Bros. Green Stream Intermediate Holdings, LLC, and Michele Winters appeal, and the defendants GSR Holdings, LLC, and Anthony Core separately appeal, from an order of the Supreme Court, Suffolk County (James Hudson, J.), dated February 13, 2019. The order, insofar as appealed from by the defendants Winters Bros. Green Stream Intermediate Holdings, LLC, and Michele Winters, denied those branches of the motion of Joseph Winters and the defendant Winters Bros. Green Stream Intermediate Holdings, LLC, which were pursuant to CPLR 3211(a) to dismiss the seventh cause of action insofar as asserted against Winter Bros. Green Stream Intermediate Holdings, LLC, and the ninth through thirteenth causes of action insofar as asserted against them. The order, insofar as appealed from by the defendants GSR Holdings, LLC, and Anthony Core, denied those branches of those defendants' motion which were pursuant to CPLR 3211(a) to dismiss the seventh cause of action insofar as asserted against the defendant GSR Holdings, LLC, and the eighth and tenth through thirteenth causes of action insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs.
In March 2019, the plaintiff, Louis Monteleone Fibres, Ltd., commenced this action, inter alia, to recover damages for breach of contract against Hudson Baylor Brookhaven, LLC (hereinafter HBB), Green Stream Recycling, LLC (hereinafter GS), Joseph Winters, and Anthony Core, among others. In May 2019, the plaintiff filed an amended complaint adding Winters Bros. Green Stream Intermediate Holdings, LLC (hereinafter WBGSIH), and GSR Holdings, LLC (hereinafter GSRH), as defendants.
In the amended complaint, the plaintiff alleged that it was a broker in waste paper and [*2]was in a business relationship with HBB, the operator of a municipal landfill, pursuant to an operations and maintenance agreement (hereinafter the agreement) with the Town of Brookhaven. The plaintiff and HBB agreed that HBB would supply the plaintiff with recycled newspapers of a particular quality. However, according to the plaintiff, HBB provided noncompliant product, which caused the plaintiff to suffer "substantial losses." In the summer of 2018, the plaintiff met with representatives of HBB to discuss the plaintiff's claims regarding the quality of the noncompliant product, and HBB allegedly accepted responsibility for the noncompliant product, indicated a desire to continue its relationship with the plaintiff, and requested an estimate of damages, which was transmitted to both Joseph Winters and Core in August 2018. While these negotations were ongoing, HBB already had taken steps to withdraw from the agreement and cease operations at the landfill. Joseph Winters and Core used their ownership of WBGSIH, GSRH, and GS to transfer substantial assets from HBB to GS, then from GS to WBGSIH and GSRH, and then from WBGSIH and GSRH to Joseph Winters and Core respectively, "leaving inadequate operating reserves and funds necessary . . . [to] pay existing creditors." The plaintiff asserted causes of action, inter alia, alleging breach of contract (first cause of action) and fraudulent conveyances pursuant to Debtor and Creditor Law §§ 273, 274, 275, and 276 (tenth through thirteenth causes of action). Under the seventh through ninth causes of action, the plaintiff sought to pierce the corporate veil.
Core and GSRH (hereinafter together the Core defendants) moved, inter alia, pursuant to CPLR 3211(a)(7) to dismiss the seventh cause of action insofar as asserted against GSRH, and the eighth and tenth through thirteenth causes of action insofar as asserted against them. Joseph Winters and WBGSIH moved, among other things, pursuant to CPLR 3211(a)(7) to dismiss the seventh cause of action insofar as asserted against WBGSIH and the ninth through thirteenth causes of action insofar as asserted against them. In an order dated February 13, 2019, the Supreme Court, inter alia, denied those branches of the motions. The Core defendants appeal, and Joseph Winters and WBGSIH separately appeal. During the pendency of these appeals, Joseph Winters died, and Michele Winters, as the administrator of his estate, was substituted for him.
On a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211(a)(7), the court must afford the complaint a liberal construction, accept the facts as alleged in the complaint as true, accord the plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Leon v Martinez, 84 NY2d 83, 87-88; Weinstein v Levitin, 208 AD3d 531, 532).
"Generally, a member of a limited liability company cannot personally be held liable for any debts, obligations or liabilities of the limited liability company, 'whether arising in tort, contract or otherwise'" (Gold v 22 St. Felix, LLC, 219 AD3d 588, 590, quoting Limited Liability Company Law § 609[a] [internal quotation marks omitted]; see Matter of DePetris v Traina, 211 AD3d 939, 940-941). "'The concept of piercing the corporate veil is an exception to this general rule, permitting, in certain circumstances, the imposition of personal liability on members for the obligations of the limited liability company'" (Gold v 22 St. Felix, LLC, 219 AD3d at 590, quoting Matter of DePetris v Traina, 211 AD3d at 941; see Grammas v Lockwood Assoc., LLC, 95 AD3d 1073, 1074-1075; see also Matter of Morris v New York State Dept. of Taxation & Fin., 82 NY2d 135, 140-141). "Piercing the corporate veil is not a [separate] cause of action independent of the cause of action alleged against the corporation. Instead, it is an assertion of facts and circumstances which will persuade the court to impose the corporate obligation on its owners" (Open Door Foods, LLC v Pasta Machs., Inc., 136 AD3d 1002, 1004 [internal quotation marks omitted]; see Villnave Constr. Servs., Inc. v Crossgates Mall Gen. Co. Newco, LLC, 201 AD3d 1183, 1187-1188). "While the 'decision whether to pierce the corporate veil in a given instance will necessarily depend on the attendant facts and equities . . . [g]enerally . . . piercing the corporate veil requires a showing that: (1) the owners exercised complete domination of the corporation [or LLC] in respect to the transaction attacked; and (2) that such domination was used to commit a fraud or wrong against the [party seeking to pierce the corporate veil] which resulted in [the party's] injury'" (Matter of DePetris v Traina, 211 AD3d at 941, quoting Matter of Morris v New York State Dept. of Taxation & Fin., 82 NY2d at 141). "At the pleading stage, a plaintiff must do more than merely allege that [defendant] engaged in improper acts or acted in 'bad faith' while representing the corporation. The plaintiff must adequately allege the existence of a corporate obligation and that defendant exercised [*3]complete domination and control over the corporation and abused the privilege of doing business in the corporate form to perpetrate a wrong or injustice" (Cortlandt St. Recovery Corp. v Bonderman, 31 NY3d 30, 47-48; East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc., 16 NY3d 775, 776 [citation and internal quotation marks omitted]). "'Factors to be considered in determining whether an individual has abused the privilege of doing business in the corporate or LLC form include the failure to adhere to [corporate or] LLC formalities, inadequate capitalization, commingling of assets, and the personal use of [corporate or] LLC funds'" (Olivieri Constr. Corp. v WN Weaver St., LLC, 144 AD3d 765, 767, quoting Grammas v Lockwood Assoc., LLC, 95 AD3d at 1075).
Here, the plaintiff adequately alleged that the Core defendants and Joseph Winters and WBGSIH engaged in acts amounting to abuse of the LLC form. Among the plaintiff's allegations were that Joseph Winters and Core closely held WBGSIH, GSRH, and GS, and that through their domination of WBGSIH and GSRH, Joseph Winters and Core dominated HBB and GS in order to advance their personal interests, that Joseph Winters and Core transferred millions of dollars of assets to themselves, leaving GS and HBB without adequate capitalization, and that Joseph Winters and Core caused GS and HBB to go out of business by reneging on the agreement while simultaneously purporting to negotiate the resolution of the contract claims in this action. The plaintiff's allegations indicated that HBB's withdrawal from the agreement and the transfers of all of HBB's assets were done in order to evade liability to the plaintiff. Accordingly, the Supreme Court properly denied those branches of the Core defendants' motion which were pursuant to CPLR 3211(a)(7) to dismiss the seventh cause of action insofar as asserted against GSRH and the eighth cause of action insofar as asserted against them and properly denied those branches of the motion of Joseph Winters and WBGSIH which were pursuant to CPLR 3211(a)(7) to dismiss the seventh cause of action insofar as asserted against WBGSIH and the ninth cause of action insofar as asserted against them (see Cortlandt St. Recovery Corp. v Bonderman, 31 NY3d at 48; Olivieri Constr. Corp. v WN Weaver St., LLC, 144 AD3d 765).
Pursuant to the version of Debtor and Creditor Law § 273 applicable at the time of the subject conveyances, a conveyance that renders the conveyor insolvent is fraudulent as to creditors without regard to actual intent, if the conveyance was made without fair consideration (see id. former § 273; Bd. of Mgrs. of E. Riv. Tower Condominium v Empire Holdings Group, LLC, 175 AD3d 1377, 1378-1379; Matter of CIT Group/Commercial Servs., Inc. v 160-09 Jamaica Ave. Ltd. Partnership, 25 AD3d 301, 303). Pursuant to the version of Debtor and Creditor Law § 274 applicable at the time of the subject conveyances, a conveyance is fraudulent as to creditors without regard to actual intent when it is made without fair consideration when the person making it is engaged or is about to engage in a business or transaction for which the property remaining in his [or her] hands after the conveyance is an unreasonably small capital (see id. former § 274; Bd. of Mgrs. of E. Riv. Tower Condominium v Empire Holdings Group, LLC, 175 AD3d at 1379; Stout St. Fund I, L.P. v Halifax Group, LLC, 148 AD3d 744, 748). The version of Debtor and Creditor Law § 275 applicable at the time of the subject conveyances provided that "a conveyance made without fair consideration at a time when the person making the conveyance intends or believes that he or she will incur debts beyond his or her ability to pay as they mature, is fraudulent as to both present and future creditors. Pursuant to this constructive fraud provision, a conveyance made by a person who has a good indication of oncoming insolvency is deemed to be fraudulent" (Grace Plaza of Great Neck v Heitzler, 2 AD3d 780, 781 [brackets and internal quotation marks omitted]; see Debtor and Creditor Law former § 275; Stout St. Fund I, L.P. v Halifax Group, LLC, 148 AD3d at 748). "To constitute fair consideration, the value given in exchange must be fairly equivalent and proportionate to the value of the property conveyed" (Cheek v Brooks, 188 AD3d 785, 786; see Debtor and Creditor Law former § 272[a]; Commodity Futures Trading Commn. v Walsh, 17 NY3d 162, 175; Palmerone v Staples, 195 AD3d 736, 738). A creditor for the purposes of these former Debtor and Creditor Law sections is defined as "any person having any claim, whether matured or unmatured, liquidated or unliquidated, absolute, fixed or contingent" (Board of Mgrs. of E. Riv. Tower Condominium v Empire Holdings Group, LLC, 175 AD3d at 1379 [internal quotation marks omitted]; see Debtor and Creditor Law former § 270; Paragon v Paragon, 164 AD3d 1460, 1461-1462).
Here, the amended complaint alleged sufficient facts to state causes of action alleging fraudulent conveyances pursuant to Debtor and Creditor Law former §§ 273, 274, and 275. Valid claims of violations of Debtor and Creditor Law former §§ 273, 274, and 275 do not require proof of actual intent to defraud and "are not required to be pleaded with the particularity required by CPLR 3016(b)" (Board of Mgrs. of E. Riv. Tower Condominium v Empire Holdings Group, LLC, 175 AD3d at 1379; see Gateway I Group, Inc. v Park Ave. Physicians, P.C., 62 AD3d 141, 149). The plaintiff sufficiently alleged that it is a creditor of HBB and, thereby a creditor of the Core defendants, Joseph Winters, and WBGSIH since it asserted a breach of contract cause of action against HBB, even though that cause of action was unmatured at the time of the alleged conveyances (see Board of Mgrs. of E. Riv. Tower Condominium v Empire Holdings Group, LLC, 175 AD3d at 1379). Accordingly, the Supreme Court properly denied those branches of the separate motions of the Core defendants and Joseph Winters and WBGSIH which were pursuant CPLR 3211(a) to dismiss the tenth through twelfth causes of action insofar as asserted against each of them.
Pursuant to Debtor and Creditor Law former § 276, every conveyance made with actual intent to hinder, delay, or defraud either present or future creditors is fraudulent. The requisite intent required by this section need not be proven by direct evidence, but may be inferred from the circumstances surrounding the allegedly fraudulent transfer. In determining whether a conveyance was fraudulent, the courts will consider "'badges of fraud,' which are circumstances that accompany fraudulent transfers so commonly that their presence gives rise to an inference of intent" (Stout St. Fund I, L.P. v Halifax Group, LLC, 148 AD3d at 749 [brackets and internal quotation marks omitted], quoting MFS/Sun Life Trust-High Yield Series v Van Dusen Airport Servs., 910 F Supp 913, 935 [SD NY]; see Matter of Steinberg v Levine, 6 AD3d 620, 621). A pleading asserting a cause of action pursuant to Debtor and Creditor Law former § 276 is required to be pleaded with particularity (see CPLR 3016[b]; Zanani v Meisels, 78 AD3d 823, 825). "When, however, the operative facts are peculiarly within the knowledge of the party alleged to have committed the fraud, it may be impossible at the early stages of the proceeding for the plaintiff to detail all the circumstances constituting the fraud" (Bibbo v Arvanitakis, 145 AD3d 657, 659 [internal quotation marks omitted]; see Farro v Schochet, 190 AD3d 698, 700). Accordingly, "the pleading requirement will be deemed to have been met 'when the facts are sufficient to permit a reasonable inference of the alleged conduct'" (Bibbo v Arvanitakis, 145 AD3d at 659-660, quoting Pludeman v Northern Leasing Sys., Inc., 10 NY3d 486, 492). "A prime example of this type of fraud is where a debtor transfers his [or her] property to another while retaining the use thereof so as to continue in business free from the claims of creditors" (Southern Indus. v Jeremias, 66 AD2d 178, 181; see 2406-12 Amsterdam Assoc. LLC v Alianza LLC, 136 AD3d 512, 513; Pen Pak Corp. v LaSalle Natl. Bank of Chicago, 240 AD2d 384, 386).
Here, the plaintiff alleged facts establishing sufficient indicia of fraud to support a cause of action of actual fraud pursuant to Debtor and Creditor Law former § 276, including that HBB's agents sought to put off the plaintiff by continuing settlement negotiations, while simultaneously transferring HBB's and/or GS's assets among the Core defendants and Joseph Winters and WBGSIH, removing HBB from the agreement, and having other companies controlled by Joseph Winters and Core continue to provide recycling services for the Town. Accordingly, the Supreme Court properly denied those branches of the separate motions of the Core defendants and Joseph Winters and WBGSIH which were pursuant CPLR 3211(a) to dismiss the thirteenth cause of action insofar as asserted against each of them.
LASALLE, P.J., MILLER, GENOVESI and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court