NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 17 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED PRODUCTS AND TECHNOLOGY LIMITED, a Hong Kong Limited Liability Company, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> ABOVE EDGE, LLC, a New York Limited Liability Company; JAY FRIED, an individual, <br><br> Defendants - Appellants. | No. 24-2834 <br><br> D.C. No. 2:21-cv-02661-DMG-AJR <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Argued and Submitted May 15, 2025
Pasadena, California

Before: MURGUIA, Chief Judge, and R. NELSON and SUNG, Circuit Judges.

Plaintiff, United Products and Technology Limited ("UPT"), alleges that it

entered into a contract to sell 8 million ear loop masks to Defendants, Above Edge,

LLC ("Above Edge") and Jay Fried ("Fried"), and that Defendants breached the

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

1

contract by failing to pay UPT in full for these masks. The district court granted summary judgment to UPT on its breach of contract claim and entered judgment against Above Edge and Fried. Defendants appealed. We have jurisdiction under 28 U.S.C. § 1291, and we review the district court's summary judgment ruling de novo. *See Guzman v. Polaris Indus. Inc.*, 49 F.4th 1308, 1311 (9th Cir. 2022). We affirm in part, vacate in part, and remand.

1. We affirm the district court's grant of summary judgment against Above Edge and in favor of UPT on its breach of contract claim. First, even viewing the evidence in the light most favorable to Defendants, UPT and Above Edge formed a contract under California law. Per the California Commercial Code, "a written confirmation which is sent within a reasonable time operates as an acceptance even though it states terms additional to or different from those offered or agreed upon." Cal. Com. Code § 2207(1). Parties "may conclude a contract" under this provision "despite the fact that, after reaching accord, they exchanged forms which purport to memorialize the agreement, but which differ because each party has drafted his form to give him advantage." *Steiner v. Mobil Oil Corp.*, 569 P.2d 751, 757 (Cal. 1977) (In Bank) (quotation marks and citation omitted). Fried's return of the modified purchase order, following the parties' prior discussions regarding the sale of masks, therefore created an enforceable contract between the parties.

Second, Defendants have not proffered sufficient evidence to create a

genuine dispute of material fact as to whether the parties terminated or rescinded the contract. *See Est. of Flores*, 98 Cal. App. 5th 619, 644 (2024) (the party opposing enforcement of the contract bears the burden of persuasion). For contracts of indefinite duration, termination "by one party . . . requires that reasonable notification be received by the other party." Cal. Com. Code § 2309(3). The WeChat messages between Fried, Fei Frank Qiu, and Yasmine Hanane do not establish that Qiu notified Defendants of his intent to terminate the contract.

Likewise, the parties' agreements with Imperial Glove and Safety ("Imperial") are insufficient to establish that both parties consented to rescinding the contract. *See* Cal. Civ. Code §§ 1688–89. Defendants do not provide support for the position that, as a legal matter, the parties' agreements with Imperial demonstrate that UPT and Above Edge rescinded their contract. Instead, record evidence suggests that the parties had an ongoing contractual relationship: Fried indicated that payment from Defendants' third-party customer for a portion of the masks would be used to "pay off" UPT; UPT then "caused" 6 million masks to be shipped to Defendants' customer; and Defendants treated UPT as the party responsible for redressing complaints from the customer regarding purported defects with the masks.

Because the evidence at summary judgment establishes that an enforceable contract existed between the parties, the district court did not err in granting UPT

summary judgment on its breach of contract claim.

2. We affirm the district court's entry of final judgment without joining Imperial as a necessary party under Federal Rule of Civil Procedure 19. Although the district court did not explicitly address Rule 19 in its summary judgment order, we may affirm on "any ground supported by the record." *Ecological Rts. Found. v. Pac. Lumber Co.*, 230 F.3d 1141, 1154 (9th Cir. 2000). This court has held that "[j]oinder is contingent upon an initial requirement that the absent party *claim* a legally protected interest relating to the subject matter of the action." *United States v. Bowen*, 172 F.3d 682, 689 (9th Cir. 1999) (citation modified). Where an absent party "was aware of [the] action and chose not to claim an interest . . . the district court d[oes] not err by holding that joinder was unnecessary." *Id.* (citation modified). The record indicates that Imperial has been notified of this action and has not asserted an interest. The district court therefore did not err in entering judgment without joining Imperial.

3. Finally, we vacate the district court's entry of judgment against Fried and remand to the district court to determine whether Fried can be held liable under the contract in his individual capacity. As the moving party, UPT carries the burden of demonstrating Fried's individual liability, either under the theory that Fried was an independent party to the contract, and not merely Above Edge's owner, or under the theory that Above Edge improperly served as an alter ego to Fried, so Fried

should be held individually liable for Above Edge's obligations. *See Midwest Television, Inc. v. Scott, Lancaster, Mills & Atha, Inc.*, 205 Cal. App. 3d 442, 451 (1988); *Mid-Century Ins. Co. v. Gardner*, 9 Cal. App. 4th 1205, 1212–13 (1992).[1] UPT did not address Fried's individual liability in its motion for summary judgment, and the district court did not explicitly decide the issue. Because the district court should address this issue in the first instance, we vacate the district court's entry of judgment against Fried and remand for further consideration of this issue.[2]

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**[3]

---

[1] Under California law, "[t]he law of the state . . . under which a foreign limited liability company is formed governs . . . [t]he liability of a member as member and a manager as manager for the debts, obligations, or other liabilities of the limited liability company." Cal. Corp. Code § 17708.01(a)(2). Because Above Edge is a New York limited liability company, § 17708.01(a)(2) raises a choice-of-law question as to whether California or New York law governs the issue of Fried's individual liability. However, UPT carries the same burden under New York law. *See Regal Commodities v. Tauber*, 225 A.D.3d 907, 908 (N.Y. App. 2024); *DePetris v. Traina*, 211 A.D.3d 939, 940–41 (N.Y. App. 2022). Therefore, for the purposes of this disposition, we assume without deciding that California law applies.

[2] We also leave it to the district court to determine in the first instance whether, as UPT argues, Defendants failed to adequately respond to UPT's discovery requests, and if so, whether that should affect the court's consideration of Fried's liability.

[3] The parties shall bear their own costs on appeal.